25747, 25748. POULOS v. POULOS; and vice versa.

ARGUED APRIL 15, 1970—DECIDED MAY 21, 1970.

*Dan C. Mitchell, William E. Zachary,* for appellant.

*Haas, Holland, Freeman, Levison & Gibert, Richard N. Hubert,* for appellee.

GRICE, Justice. This review involves an appeal and cross appeal from a judgment denying both parties a divorce and also involves a judgment denying the wife additional attorney's fees. The litigation began when the husband, Arthur T. Poulos, filed in the Superior Court of DeKalb County an action against his wife, Mary Poulos, seeking a divorce. The wife's answer asserted a cross action for divorce, alimony, property settlement and attorney's fees. After evidence had been introduced the trial court, upon its own motion, entered a judgment which recited in substance that neither party was entitled to a divorce, since neither made out a case of cruel treatment because if there was any cruel treatment it was condoned by the parties prior to their separation. The judgment denying the attorney's fees was entered subsequently. The husband's appeal constitutes case number 25747 and the wife's cross appeal is case number 25748.

■ It is our view that the evidence should have been submitted to the jury for consideration on behalf of both the husband's and the wife's prayers.

Each charged the other with cruel treatment; which is "the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of danger to life, limb or health." *Code Ann.* § 30-102.

The basis for the trial judge's disposition was that the evidence showed that the parties engaged in sexual intercourse during the weekend prior to their separation on the following Thursday.

Our *Code*, § 30-109, provides in essential part, ". . . if there has been a voluntary condonation and cohabitation subsequently to the acts complained of . . . then no divorce shall be granted; and in all cases, the party sued may plead in defense the conduct of the party suing, and the jury may, on examination of the whole case, refuse a divorce."

Condonation has been defined as "forgiveness, either express or implied, by the husband of his wife, or by the wife of her husband, for some breach of marital duty, with an implied condition that the offense will not be repeated." *Morris v. Morris,* 202 Ga. 431, 434 (43 SE2d 639), and citations.

Also, "Sexual intercourse is not an essential element of condonation, although it is conclusive evidence thereof." *Dixon v. Dixon,* 211 Ga. 869 (3a) (89 SE2d 473), and cases cited.

Furthermore, "Condonation is a conditional forgiveness of all antecedent acts of cruelty, and such acts as may have been condoned will not be revived except by fresh acts of cruelty." *Brown v. Brown,* 129 Ga. 246, 248 (58 SE 825).

Measured by the foregoing principles, it cannot be maintained that as a matter of law neither of these parties produced sufficient evidence to submit to the jury.

(a) Insofar as the husband is concerned, his testimony was that the wife's conduct during the period between their marital relations the final weekend and their separation was a continuation of what it had been previously in their marriage, continuous nagging. Also, he testified that during such period it was more severe, and that it put him in fear of his life. He narrated such events as her making fun of his family, compelling him to do house cleaning while ill; ridiculing his claim of a dangerous physical condition, causing him severe physical pain from

his condition, demanding that he will her his property, repeated cursing and screaming at him, and other types of harrassment which made it necessary during the last night at home for him to lock himself in the den because of his fear that she would bring about his death.

This conduct of the wife, occurring after the marital relations relied on as condonation, was sufficient for the jury to consider as reviving the alleged past cruel treatment. It was also sufficient, independently of the past, for the jury to consider as cruel treatment transpiring after any condonation so as to authorize a divorce to the husband.

(b)  As to the wife, she gave an opposite account of events bringing about the separation. She testified, in material part, that neither before nor after the marital acts referred to above was she guilty of cruel treatment toward the husband. Her version was that he was cold, indifferent and stingy. She laid particular stress upon the husband's conduct at the time of their separation. She related his leaving the house and accusing her of trying to injure his health and cause his death, and other hostile acts, indicating that their marriage could not be sustained. This conduct, she said, placed her under a mental and emotional strain, and made her extremely nervous.

The foregoing conduct of the husband, transpiring since the cohabitation referred to, was likewise ample for the jury to consider as reviving his alleged former cruel treatment. Also, it was ample, without the past, for the jury to consider as fresh acts since condonation and sufficient for it to award her a divorce.

■ Since, under our ruling in Division 1, supra, the trial court erred in terminating both the husband's and the wife's claims for relief, this rendered nugatory the subsequent judgment denying the wife's motion for additional attorney's fees. The participation in a second trial will be a factor for the trial judge to consider in his further determination of that matter.

*Judgments reversed. All the Justices concur.*