## 29787. MINIELLY v. MINIELLY.

INGRAM, Justice.

This is an appeal by the wife from a jury verdict and final divorce decree in the Superior Court of Gwinnett County. The case went to trial on the husband's amended complaint seeking a divorce from the wife on the ground of cruel treatment and on the additional ground that

the marriage was irretrievably broken. The wife counterclaimed for alimony and child support but did not seek a divorce. Instead, she contended that she was not guilty of cruel treatment and that despite her contention that the husband had dated other women, before and after the separation between the parties, she still loved him and wanted to reconcile their differences and continue the marriage.

The jury found for the husband on both grounds of the amended complaint and a divorce was granted by the final decree. The wife enumerates several errors in this appeal. We reach only the issue of whether the trial court erred in not allowing the wife's counsel to cross examine the husband on the issue of his dating other women and also erred in not allowing the wife to present direct evidence on this issue. The trial court apparently ruled against the wife on this issue on the basis that her evidence was not in rebuttal to the husband's evidence and the wife had not filed a counterclaim for divorce.

In effect, the wife sought to urge the jury to consider the husband's conduct in determining whether to grant or refuse a divorce to him on the ground of her alleged cruel treatment while insisting that in spite of his conduct she still loved him and the marriage was not irretrievably broken. The question could arise, under these circumstances, whether the wife can successfully prove the marriage is not irretrievably broken without also proving condonation by her of the husband's contended misconduct. See *Poulos v. Poulos*, 226 Ga. 375, 376 (174 SE2d 925), for a discussion of the elements of condonation. However, this question is not argued and we do not decide it in this case.

1. Although there are several errors enumerated in this appeal it is unnecessary to reach all of them because a new trial is required and the other alleged errors are not likely to recur in another trial. We decide only that the wife was entitled to present evidence, by direct and cross examination, in support of her contention that the husband had dated other women. "In a suit for divorce based on cruel treatment, if it be shown that both parties have been guilty of like misconduct, no divorce shall be granted [on this ground]. Accordingly, the court erred in

refusing to permit the defendant's counsel, on cross examination of the plaintiff, to inquire whether or not [he] had been guilty of misconduct..." *Cohen v. Cohen,* 196 Ga. 562 (5) (27 SE2d 28).

It was not necessary for the wife to counterclaim for divorce in order to avail herself of this defense under the provisions of Code § 30-109. In *Williford v. Williford,* 230 Ga. 543 (198 SE2d 181), the husband brought an action for divorce against the wife. The wife opposed the divorce in the trial court and elicited on cross examination of the husband an admission of adultery by him. We held this admission by the husband authorized, but did not require, the jury to refuse a divorce under Code § 30-109. "In a divorce case the legal status of the plaintiff's case, in so far as it concerns the right of plaintiff to a verdict, is the same whether there is an answer filed by the defendant or not." *Lovelace v. Lovelace,* 179 Ga. 822, 825 (177 SE 685).

2. There is another reason we believe the wife was entitled to offer the evidence she sought to introduce showing her husband had been dating other women. The profferred evidence was relevant to the issue of whether the marriage was irretrievably broken. This evidence, standing alone, would tend to show the marriage is irretrievably broken and ironically corroborates the husband's evidence authorizing a divorce on this ground. However, the wife sought to use this evidence to support her contention that, despite her husband's conduct, she was willing to reconcile and continue the marriage. We believe the jury was entitled to receive all of this evidence in evaluating the entire case and that it should have been admitted for the jury's consideration in resolving the issues before them. See *Harwell v. Harwell,* 233 Ga. 89 (209 SE2d 625). A new trial is required because of these adverse evidentiary rulings to the wife by the trial court.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in Division 2 and in the judgment.*

ARGUED APRIL 15, 1975 — DECIDED APRIL 29, 1975 —
REHEARING DENIED MAY 20, 1975.

*Paul McGee,* for appellant.