### 37533. PETERS v. PETERS.

PER CURIAM.

In this case, the appellant husband sued the appellee wife for divorce on the ground of the appellee's adultery. More than 30 days after the appellant's complaint was served on the appellee, she filed a counterclaim requesting, among other things, an equitable division of the parties' property. The trial judge granted the appellant's motion for summary judgment on the question of divorce, on the ground of the appellee's adultery. The appellee's application for appeal was denied by this court.

On remand, the appellant moved to dismiss the appellee's responsive pleadings, on the ground that they were not filed within 30 days of service of the complaint on the appellee as required by Code Ann. § 81A-112 (a). The trial judge entered an order denying the

appellant's motion to dismiss and granting the appellee's request for jury trial on the question of equitable property division. We granted the appellant's application to appeal.

In this appeal, the appellant makes two arguments. First, he argues that the trial judge erred in denying his motion to dismiss the appellee's counterclaim due to the late filing. Second, he argues that the unclean-hands doctrine precludes an adulterous wife from obtaining an equitable property division as recognized by this court in *Stokes v. Stokes,* 246 Ga. 765 (273 SE2d 169) (1980).

1. Did the trial judge err in allowing the late filing of the appellee's counterclaim?

In the trial judge's order, he states that he is allowing the late filing of the appellee's counterclaim because it was filed under the following circumstances — before the husband had complied with a rule nisi order issued by the court, before entry of the judgment granting the divorce, after both parties had filed demands for jury trial, and while discovery was still in progress.

This was tantamount to a finding that justice required allowing the appellee to file the late counterclaim. Therefore, the trial judge was authorized to grant such relief to the appellee under Code Ann. § 81A-113 (f). See *Aderholt v. Aderholt,* 240 Ga. 626 (1) (242 SE2d 11) (1978).

2. Is an adulterous spouse precluded from obtaining an equitable division of property under *Stokes v. Stokes,* supra?

It is true that by statute, a party is not entitled to alimony if it is established by a preponderance of the evidence that the separation between the parties was caused by that party's adultery or desertion. Code Ann. § 30-201 (Ga. L. 1977, pp. 1253, 1256 as amended).

The question thus presented is whether the statutory prohibition against awarding alimony to an adulterous spouse precludes such spouse from obtaining an equitable division of the parties' property. It cannot be denied that alimony and equitable property division are not synonymous. See *Stokes v. Stokes,* supra. Therefore, we hold that, even though an adulterous spouse cannot obtain alimony, an equitable property division is still permissible. Other courts considering the question have arrived at the same answer. See Simmons v. Simmons, 267 SE2d 427 (SC of S. Car., 1980); Heath v. Heath, 138 S. 796 (SC of Fla., 1932).

Nor can it be said that under equitable maxims the commission of adultery by a spouse absolutely precludes that spouse from obtaining equitable division of property in a divorce proceeding. See *Mack v. Mack,* 234 Ga. 692 (2) (217 SE2d 278) (1975). However, where equitable division of property is in issue, the conduct of the parties, both during the marriage and with reference to the cause of the

divorce, is relevant and admissible. See Bailey v. Bailey, 345 S2d 304 (10) (Ala. Civ. App., 1977); Bell v. Bell, 540 SW2d 432 (Ct. of Civ. App. of Tex., 1976); Larson v. Larson, 234 NW2d 861 (5) (SC of N. Dak., 1975); Cooper v. Cooper, 144 NW2d 146 (1) (SC of Iowa, 1966).

*Judgment affirmed. All the Justices concur, except Marshall, J., who concurs specially and Smith, J., who dissents.*

DECIDED OCTOBER 27, 1981 — REHEARING DENIED NOVEMBER 18, 1981.

*Robert E. Andrews,* for appellant.
*Jack M. Carey, R. Thomas Jarrard, J. Nathan Deal,* for appellee.

MARSHALL, Justice, concurring specially.

I dissented from this court's decision in *Stokes,* because I think that it constitutes an unjustified intrusion into the realm of legislative authority. However, accepting *Stokes* as controlling here, I agree with the court's holdings that adultery is not a bar to equitable property division, but that it is relevant and admissible on that question.