## S04F0101. SOUTHERLAND v. SOUTHERLAND.
### (598 SE2d 442)

BENHAM, Justice.

Charles Southerland (hereinafter "Husband") appeals from the divorce decree ending his 23-year marriage to Patricia Southerland (hereinafter "Wife"), contending the trial court erred in assigning to Wife as non-marital property certain gifts from members of her family and property deriving from those gifts, and in awarding Wife child support and alimony without consideration of her income and financial resources.[1]

1. Whether particular property is marital or non-marital property is a question of fact for the factfinder. *Payson v. Payson*, 274 Ga. 231 (1) (552 SE2d 839) (2001). The standard by which findings of fact are reviewed is the "any evidence" rule, under which a finding by the trial court supported by any evidence must be upheld. *Westmoreland*

---

[1] We granted Husband's application for discretionary appeal pursuant to this Court's pilot project, pursuant to which we grant all non-frivolous applications seeking discretionary appeal from a final divorce decree.

*v. Westmoreland*, 243 Ga. 77, 79 (252 SE2d 496) (1979). In this case, Husband testified the several gifts of cash from Wife's family were gifts to the couple, but Wife and other witnesses testified the gifts were made to her alone. That being so, the trial court's finding that the gifts were hers alone is supported by evidence and must be upheld. Id. Likewise, the trial court's finding that various commercial properties purchased with funds given to Wife or with the proceeds of the sale of other properties purchased with gifted funds is supported by evidence and will not be disturbed. Id. While Husband's participation in finding properties and negotiating sales prices was undisputed, no evidence was presented showing how his efforts contributed to the value of the property or to any appreciation in the value of the property during the marriage. Likewise, though both parties testified Husband participated in the construction of the marital residence, there was no evidence of the value of his participation or of the value of the home at the time of its construction, and there was no evidence of the investment of marital funds in the property through such means as mortgage payments. "[T]he party claiming a right, including property division, has the burden of proof to establish that right." *Barber v. Barber*, 257 Ga. 488, 489 (3) (360 SE2d 574) (1987). As to the commercial properties and the marital residence, the evidence supported a finding that all the funds expended for those properties were the non-marital property of Wife, and there was no evidence from which the trial court could calculate Husband's contribution to the original value. Compare *Snowden v. Alexander-Snowden*, 277 Ga. 153, 154 (587 SE2d 54) (2003), where although there was no evidence of the amount of one spouse's contributions, there was evidence the marital unit had contributed to the value of the property by making mortgage payments. Thus, Husband did not bear his burden of proving the properties involved were marital property and the trial court, therefore, did not err in finding those properties to be Wife's non-marital property.

2. Husband's contention the awards of child support and alimony were made without consideration of Wife's income and financial resources is based on the trial court's failure to include in the divorce decree any findings regarding Wife's income. As to the award of child support, the decree entered by the trial court is deficient. OCGA § 19-6-15 (a) requires the decree "include a written finding of the gross income of the father and the mother. . . ." The decree in this case includes a finding of Husband's income, but does not include a finding of Wife's income. It is necessary, therefore, that this case be remanded to the trial court with direction to make a finding of Wife's income, to reconsider the award of child support based on that finding, and to amend the decree accordingly. As to the award of alimony, however, there is no statutory requirement that such findings be included in

the decree, there is nothing in the record to show the trial court did not take into account the evidence of Wife's income and financial resources which was adduced at trial, and any perceived deficiency will be cured by the trial court's compliance with the amendment directed above.

*Judgment affirmed in part and case remanded with direction. All the Justices concur.*

DECIDED MAY 24, 2004 —
RECONSIDERATION DENIED JULY 12, 2004.

*Steven M. Reilly*, for appellant.
*Joseph E. Cheeley, Jr., Joseph E. Cheeley III*, for appellee.