S06F0071. WATERS v. WATERS.

(629 SE2d 233)

THOMPSON, Justice.

We granted an application for discretionary appeal in this divorce case pursuant to the Family Law Pilot Project.[1] Finding no error, we affirm the judgment entered below.

Husband and wife are native New Zealanders who lived in Georgia. They were married in 1984. Together, husband and wife owned and operated a home improvement business through which they purchased, renovated and sold (or rented) real estate.

Wife returned to New Zealand in 2001 and, shortly thereafter, informed husband that she met someone else and no longer wished to be married. Husband filed this suit for divorce and the case was tried by the court sitting without a jury. Upon the conclusion of the trial, the court entered a decree of divorce and equitably divided the parties' marital assets and liabilities. Husband filed a motion for new trial. The motion was denied and this appeal followed.

1. The parties jointly owned eight parcels of real estate which were acquired during the marriage. Four parcels were located in Georgia and four were located in New Zealand.[2] The parties also had joint debts and liabilities, as well as assets, including their business, household furnishings, motor vehicles, bank accounts, whole life insurance policies, an IRA, and a loan to plaintiff's mother.

---

[1] Under the pilot project, this Court will grant a non-frivolous discretionary application seeking review of a final decree of divorce. *Maddox v. Maddox*, 278 Ga. 606 (604 SE2d 784) (2004).

[2] The parties stipulated that the value of the Georgia real estate totaled $555,000, and the value of the New Zealand real estate totaled approximately $537,000.

Pointing out that he had made premarital contributions to the life insurance policies and that wife's inheritance was a non-marital asset, husband asserts the trial court erred in failing to make specific findings as to whether a particular category of property was a marital or non-marital asset. We disagree. It is clear from a reading of both the transcript and the final decree that the trial court did classify the parties' assets as either marital or non-marital before dividing the marital property on an equitable basis. See *Snowden v. Alexander-Snowden*, 277 Ga. 153 (587 SE2d 54) (2003); *Payson v. Payson*, 274 Ga. 231 (552 SE2d 839) (2001); *Thomas v. Thomas*, 259 Ga. 73 (377 SE2d 666) (1989). In fact, the court expressly awarded husband "his premarital financial contributions to the purchase of four whole life insurance policies which total approximately $37,022.34 along with an interest calculation which is included in the total award to him." And it expressly awarded wife "all her non-marital property consisting of her inheritance, along with an interest calculation, both of which are included in the award of the New Zealand property."

2. It cannot be said that the trial court failed to divide the marital assets equitably simply because, with one exception,[3] it awarded the real property and personalty located in New Zealand to wife, and the real property, personalty, and business located in Georgia to husband, in an attempt, in the words of the trial court, "to leave the parties as entangled as little as possible." Nor can it be said that the division was inequitable because wife was awarded 75 percent of the aggregate cash surrender value of husband's whole life insurance policies, totaling approximately $42,886.50.

[A]n equitable division of marital property does not necessarily mean an equal division. *Goldstein v. Goldstein*, 262 Ga. 136 (1) (414 SE2d 474) (1992). The purpose behind the doctrine of equitable division of marital property is to assure that property accumulated during the marriage be fairly distributed between the parties. [Cit.] *Payson v. Payson*, supra at 232 (1). Each spouse is entitled to an allocation of the marital property based upon his or her respective equitable interest therein. *Byers v. Caldwell*, 273 Ga. 228, 229 (539 SE2d 141) (2000). Thus, an award is not erroneous simply because one party receives a seemingly greater share of the marital property. [Cits.]

---

[3] Husband was awarded one of the New Zealand checking accounts.

(Punctuation omitted.) *Wright v. Wright*, 277 Ga. 133, 134 (2) (587 SE2d 600) (2003). In any event, it would appear that, on balance, the trial court's division achieved a rough parity.

3. The evidence demonstrated that husband and wife loaned a sum of money to husband's mother at a stated rate of interest and that that sum was to be repaid from husband's mother's estate upon her death. The trial court characterized the loan as a contingent asset; it did not err in awarding it to husband as personal property.

4. Contrary to husband's contention, the trial court did consider evidence of wife's adulterous conduct. See generally *Peters v. Peters*, 248 Ga. 490 (283 SE2d 454) (1981) (adultery of spouse does not preclude equitable division of marital property).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 25, 2006.

*Lane & Lane, Charles W. Lane*, for appellant.
*Robert G. Wellon, Christopher H. McFadden*, for appellee.