## S07F0096. BLOOMFIELD v. BLOOMFIELD.

(646 SE2d 207)

MELTON, Justice.

Following a bench trial, Mark C. Bloomfield (Husband) and Susan W. Bloomfield (Wife) were divorced pursuant to a final judgment and decree entered on May 1, 2006, nunc pro tunc to March 10, 2006. Husband now appeals, contending, among other things, that the trial court erred in its calculations of support and in its division of marital property.[1]

To determine the validity of Husband's claims, we must be mindful of the appropriate standard of review applicable to this case. "In the appellate review of a bench trial, this Court will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses." (Citations and punctuation omitted.) *Frazier v. Frazier*, 280 Ga. 687, 690 (4) (631 SE2d 666) (2006).

1. Husband contends that the trial court erred in its division of several property interests. In general, the question of whether "a particular item of property actually is a marital or non-marital asset may be a question of fact for the trier of fact." (Citations omitted.) *Payson v. Payson*, 274 Ga. 231, 232 (1) (552 SE2d 839) (2001). Furthermore, "[t]he standard by which findings of fact are reviewed is the 'any evidence' rule, under which a finding by the trial court supported by any evidence must be upheld." (Citation omitted.) *Southerland v. Southerland*, 278 Ga. 188 (1) (598 SE2d 442) (2004).

(a) Husband first argues that the trial court inappropriately awarded ownership interests in a home in Ponte Vedra, Florida, to separate trusts for the benefit of each of the parties' three children. The dispositive facts are undisputed. Wife's father originally purchased the Ponte Vedra home and placed it into a family limited partnership as the partnership's sole asset. Wife's father then gifted limited partnership interests to Wife, Wife's siblings, and trusts for the benefit of the parties' three children. Thereafter, Wife's father gifted his 1% controlling interest as general partner of the partnership to Husband. In 1998, Husband and Wife bought out the limited partnership interests of Wife's siblings, but not the interests of their children's trusts. In 2001, Husband, as general partner, deeded the Ponte Vedra property from the partnership to himself and Wife as joint tenants, without providing any compensation to the children's trusts. Recognizing that the interests of the children's trusts had

---

[1] We granted Husband's appeal pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

never been satisfied, the trial court ruled that the children's trusts maintain current ownership interests in the property itself and, upon the future sale of the property, the trusts would be compensated in an amount equal to their original percentage ownership in the property as limited partners.

Husband's testimony shows that he explicitly admitted that his children's trusts should be compensated for their partnership interests. Because of this concession, Husband cannot now contend that the children's trusts should receive no compensation. The question then becomes, however, what the nature of this compensation may be. OCGA § 14-9-701 provides that "[a] partnership interest is personal property. A partner has no interest in specific partnership property." Furthermore, the partnership documents in question state that "[n]o partner shall have the right to demand property other than cash in return for his contribution to the partnership." This is in accordance with statutory law. See OCGA § 14-9-605. The partnership agreement also provides that, upon the sale or transfer of the partnership's real property holdings, limited partners have rights to proceeds. Therefore, the children's trusts under both the partnership agreement and Georgia statute are not presently entitled to an ownership interest in the Ponte Vedra property which the limited partnership no longer owns. The children's trusts are, however, presently entitled to cash compensation, including interest, for the value of their limited partnership interests in the Ponte Vedra property which should have been distributed at the time that Husband deeded the property away from the partnership.

Accordingly, with regard to this issue, the trial court erred by concluding that the children's trusts were entitled to current ownership interests in the property rather than present compensation for the value of their interests following the 2001 distribution of the property out of the partnership. Therefore, this case must be remanded for a determination of the value of the interests of the children's trusts.

(b) Husband contends that the trial court erred by finding that a certain securities bank account contained funds that were Wife's separate property and not subject to equitable division. It is undisputed that this account was originally established by Wife's grandfather and father for the benefit of Wife prior to the marriage of the parties. Generally, a property interest brought into a marriage by one spouse is a non-marital asset and is not subject to equitable division. See, e.g., *Campbell v. Campbell*, 255 Ga. 461, 462 (339 SE2d 591) (1986). The trial court further found that this property remained the separate property of Wife because, although Husband claimed to have managed the property, he did not increase the value of the account. See *Bass v. Bass*, 264 Ga. 506, 508 (448 SE2d 366) (1994)

(appreciation of non-marital asset during marriage caused only by market forces not subject to equitable division). Instead, the trial court relied on evidence showing that Husband, in fact, had removed $50,000 from the account, thereby diminishing it. Given this evidence and the applicable standard of review, it cannot be said that the trial court erred in its determination that the securities account belonged to Wife. *Southerland*, supra, 278 Ga. at 189 (1).

(c) Husband next argues that the trial court erred by determining that a total gift of $10,000 Wife received from her father was Wife's separate property. Husband maintains that this sum became marital property because it was placed into a joint account with Husband.[2] The trial court found, however, that, at the time that Wife received the gift, Husband would not allow her to hold an individual account and she had no other account in which to place the funds. Given this specific finding of fact, we cannot say that the trial court abused its discretion. Id.

(d) Husband contends that the trial court erred by equitably dividing a certain certificate of deposit titled in his name. The record shows that this certificate of deposit was identified by Husband in response to interrogatories, but no evidence was taken during trial regarding this asset. After the bench trial but prior to the time that the trial court entered its final written order in the case, Wife filed a motion with the trial court requesting that the certificate of deposit be equitably divided. Husband neither responded to this motion nor requested a hearing on the issue. In the final decree, the trial court equitably divided the property. Given Husband's failure to object to the division of this property, Husband's failure to request a hearing, and the trial court's broad discretion to reopen evidence, it cannot be said that the trial court abused its discretion in this instance. See, e.g., *Page v. State*, 249 Ga. 648 (292 SE2d 850) (1982) (trial court possesses broad discretion to reopen evidence at any stage of trial).

2. Husband argues generally that the trial court was biased against him and, as a result of this bias, failed to fairly and equitably divide the marital property.

> In equitable actions for divorce, the factfinder possesses broad discretion to distribute marital property to assure that property accumulated during the marriage is fairly divided between the parties. While each spouse is entitled to an allocation of the marital property based upon his or her equitable interest therein, an award is not erroneous simply because one party receives a seemingly greater share of the

---

[2] Wife later used the funds in question to purchase a certificate of deposit.

marital property. An equitable division of marital property does not necessarily mean an equal division.

(Citations and punctuation omitted.) *Harmon v. Harmon*, 280 Ga. 118 (622 SE2d 336) (2005).

Husband argues specifically that the trial court unduly focused on his extramarital affair, disregarded his many contributions to the marriage, and allocated marital assets in a manner intended to punish him. In setting forth this challenge, Husband relies on his own testimony and his own interpretation of the evidence. As stated previously, however, this Court must give deference to the trial court's factual findings as well as its determination of credibility. Id. Moreover, the trial court did not err by considering Husband's behavior, including adultery, as one factor in its decision-making process. "[W]here equitable division of property is in issue, the conduct of the parties, both during the marriage and with reference to the cause of the divorce, is relevant and admissible." *Peters v. Peters*, 248 Ga. 490, 491-492 (2) (283 SE2d 454) (1981). Therefore, "[b]ecause the record does not show the trial court's conclusions reflected in its distribution of marital property were clearly erroneous, we will not disturb them." (Citation omitted.) *Frazier*, supra, 280 Ga. at 690 (4).

3. Husband contends that the trial court made erroneous awards of both child support and spousal support.

(a) With regard to child support, Husband argues that the trial court erred by failing to determine the appropriate amount of support to be paid by employing the standard calculations set forth in OCGA § 19-6-15. The trial court found, however, that Husband made an average of $1 million per year during the marriage and that he continued to have unlimited earning potential of at least $1 million per year after the divorce, despite the fact that Husband indicated that he was semi-retired. As a result, the trial court determined that the statutory guidelines could not be applied and a variation from these guidelines was warranted. See OCGA § 19-6-15 (c).

In the absence of any mathematical formula, fact-finders are given a wide latitude in fixing the amount of alimony and child support, and to this end they are to use their experience as enlightened persons in judging the amount necessary for support under the evidence as disclosed by the record and all the facts and circumstances of the case.

(Citations and punctuation omitted.) *Farrish v. Farrish*, 279 Ga. 551, 552 (615 SE2d 510) (2005). In this case, the trial court reviewed the circumstances as required, taking into account the income and

earning potential of both spouses as well as the historical needs of the children. Although Husband again contends that the trial court failed to give appropriate weight to his testimony that his earning potential was substantially less than the trial court found it to be, this Court cannot reweigh the evidence as Husband wishes. The trial court did not abuse its discretion.

(b) With regard to spousal support, Husband similarly contends that the trial court failed to properly consider either Husband's ability to pay or Wife's needs pursuant to OCGA §§ 19-6-1 and 19-6-5. Although Husband once again takes issue with the validity of Wife's testimony and evidence and, at the same time, argues that the trial court failed to give any credit to his testimony and evidence, this Court cannot act as a trier of fact. *Southerland*, supra, 278 Ga. at 188 (1). Some evidence supported the trial court's decision; therefore, the trial court did not err in its determination of the amount of spousal support to be paid by Husband, including Wife's attorney fees.

4. In several remaining miscellaneous arguments, Husband maintains that the rulings of the trial court are erroneous because they evince a bias against him. In setting forth these miscellaneous arguments, Husband vociferously argues that the trial court intended to unduly punish him for having an extramarital affair. As stated previously, however, the trial court was authorized to consider Husband's conduct. *Peters*, supra, 248 Ga. 491-492 (2).

5. Finally, Husband argues that several post-judgment orders entered by the trial court are erroneous. These judgments, however, were entered after Husband had filed his notice of appeal in this case. As such, Husband cannot enumerate these subsequent rulings as error. See *Cates v. Cates*, 225 Ga. 612, 613 (2) (170 SE2d 416) (1969). Compare *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980) (in direct appeal from final judgment a party may enumerate as error prior or contemporaneous rulings).

*Judgment affirmed in part, reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED JUNE 4, 2007.

*Boyd, Collar & Knight, Robert D. Boyd, John L. Collar, Jr., Jean M. Kutner*, for appellant.

*Warner, Mayoue, Bates & Nolen, C. Wilbur Warner, Jr., John C. Mayoue, J. Matthew Anthony*, for appellee.