### S07F1474. WOOD v. WOOD.
(655 SE2d 611)

MELTON, Justice.

Following a bench trial, Robert Allen Wood (Husband) and Diantha Wilkes Wood (Wife) were divorced for a second time pursuant to a final judgment and decree entered on July 26, 2006.[1] Pursuant to this Court's pilot project for domestic cases,[2] Husband now appeals, contending, among other things, that the trial court erred in its division of marital property and its calculation of alimony and child support. We affirm.

"In the appellate review of a bench trial, this Court will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses." (Citations and punctuation omitted.) *Frazier v. Frazier*, 280 Ga. 687, 690 (4) (631 SE2d 666) (2006).

1. Husband contends that the trial court erred in its lump sum award of alimony to Wife in the amount of $50,000, arguing both that the award was disproportionate and that it was granted in lump sum form for inappropriate reasons.

(a) Husband argues that, in granting alimony to Wife, the trial court failed to properly consider Wife's need for alimony and Husband's ability to pay.

> In the absence of any mathematical formula, fact-finders are given a wide latitude in fixing the amount of alimony and child support, and to this end they are to use their experience as enlightened persons in judging the amount necessary for support under the evidence as disclosed by the record and all the facts and circumstances of the case.

---

[1] The record shows that the parties were originally married in 1983, divorced in 1993, and remarried in 1995.

[2] See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

(Citations and punctuation omitted.) *Farrish v. Farrish*, 279 Ga. 551, 552 (615 SE2d 510) (2005). "With respect to alimony, there is no statutory requirement that findings be included in the decree." (Citation omitted.) *Smelser v. Smelser*, 280 Ga. 92, 94 (2) (623 SE2d 480) (2005).

OCGA § 19-6-5 (a) instructs the factfinder to consider a number of factors in determining the appropriate amount of alimony in addition to any other factors deemed equitable and proper.[3] A review of the bench trial transcript in this case shows that, prior to awarding alimony, the trial court considered extensive testimony regarding all of the relevant factors set forth in OCGA § 19-6-5 (a), including both parties' employment, assets, debts, income streams, and potential for future earnings.[4] Based on the record, it cannot be maintained that the trial court abused its discretion by failing to consider the factors set forth under OCGA § 19-6-5.

Nonetheless, Husband complains that the trial court disregarded his version of the facts in calculating the alimony award and asks this Court to reconsider the facts of this case on appeal. Specifically, Husband argues that the trial court improperly imputed income to him of $60,000 in contravention of his testimony that any profits from a land clearing business he owned had recently diminished. This Court, however, does not reweigh facts. Giving the appropriate deference to the trial court's findings of fact and its credibility determinations, it cannot be said that the trial court abused its discretion, as the income level attributed to Husband was well within the range of evidence provided to the trial court.

(b) Husband, who has filed for bankruptcy a number of times in the past, contends that the trial court erred by awarding lump sum alimony solely for the purpose of preventing him from discharging the alimony debt in a future bankruptcy proceeding. The trial court's order, however, does not support Husband's contention, as it does not state any such reasoning for the award of lump sum alimony. The trial court heard extensive evidence in this case, and after doing so, determined that lump sum alimony was appropriate. The trial court did not abuse its discretion.

---

[3] The statute lists the following factors: the standard of living established during the marriage; the duration of the marriage; the age and the physical and emotional condition of both parties; the financial resources of both parties; where applicable, the time necessary for either party to gain sufficient education or training to find appropriate employment; the contribution of each party to the marriage, including services rendered in homemaking and child care; and the financial condition of the parties.

[4] For example, after receiving extensive testimony, the trial court carefully determined that Husband's income stream exceeded $5,000 per month while Wife received $2,100 per month.

2. Husband argues that the trial court erred in its determination that a home located at 390 Church Street in Tatnall County was Wife's separate property and not subject to equitable division. In general, the question whether "a particular item of property actually is a marital or non-marital asset may be a question of fact for the trier of fact." (Citation omitted.) *Payson v. Payson*, 274 Ga. 231, 232 (1) (552 SE2d 839) (2001). "The standard by which findings of fact are reviewed is the 'any evidence' rule, under which a finding by the trial court supported by any evidence must be upheld." (Citation omitted.) *Southerland v. Southerland*, 278 Ga. 188 (1) (598 SE2d 442) (2004).

The record shows that the home in question was originally purchased by Wife, and both parties' names were later placed on a security deed. Prior to the second marriage of the parties, however, Wife requested Husband to quitclaim any interest in the property to her on advice of her attorney in order to ensure that the home did not become marital property. Husband complied and signed a quitclaim deed. Although Husband claims that the home should nonetheless be considered marital property because he performed certain upkeep to it during the second marriage, the record also shows that Husband contributed significantly to the amount of debt secured by the property, ultimately diminishing its worth. Under these circumstances, it cannot be said that the trial court abused its discretion in determining that the home was the separate property of Wife. *Southerland* at 189 (1).

3. Husband contends that the trial court erred by failing to distribute some portion of Wife's pension to him as part of an equitable distribution.

> In equitable actions for divorce, the factfinder possesses broad discretion to distribute marital property to assure that property accumulated during the marriage is fairly divided between the parties. While each spouse is entitled to an allocation of the marital property based upon his or her respective equitable interest therein, an award is not erroneous simply because one party receives a seemingly greater share of the marital property. An equitable division of marital property does not necessarily mean an equal division.

(Citations and punctuation omitted.) *Harmon v. Harmon*, 280 Ga. 118 (622 SE2d 336) (2005). The record in this case shows that the trial court diligently separated the assets of the parties, attempting to create an equal distribution of assets and debts. In striking this balance, the trial court determined that Wife should be entitled to keep the proceeds of her retirement account. Given the overall

distribution of assets between the parties and the trial court's detailed findings with regard thereto, it cannot be said that the trial court abused its discretion in awarding Wife's retirement account to her. Id.

4. Husband maintains that the trial court erred in its calculation of child support, again arguing that the trial court failed to properly consider the needs of Wife and Husband's ability to pay. The trial court, however, considered both spouses' income and earning potential in addition to the needs of the children. "Although Husband . . . contends that the trial court failed to give appropriate weight to his testimony that his earning potential was substantially less than the trial court found it to be, this Court cannot reweigh the evidence as Husband wishes." *Bloomfield v. Bloomfield*, 282 Ga. 108, 112 (3) (a) (646 SE2d 207) (2007). The trial court did not abuse its discretion.

5. Husband contends that the trial court erred by admitting evidence of Husband's adultery committed during the parties' first marriage. As a general matter, "where equitable division of property is in issue, the conduct of the parties, both during the marriage and with reference to the cause of the divorce, is relevant and admissible." (Citations omitted.) *Peters v. Peters*, 248 Ga. 490, 491-492 (2) (283 SE2d 454) (1981). Nonetheless, Husband contends that, by remarrying him, Wife condoned his adultery during the first marriage, making evidence of these acts inadmissible. "Condonation[, however,] is a conditional forgiveness of all antecedent acts of cruelty." (Citation and punctuation omitted.) *Poulos v. Poulos*, 226 Ga. 375 (1) (174 SE2d 925) (1970). Accordingly, acts that may have been condoned in the past may be "revived . . . by fresh acts of cruelty." Id. In this case, evidence supported a finding that, during the second marriage, Husband committed further adulterous acts, thereby reviving the prior acts as admissible evidence.

6. Husband contends that the trial court erred by granting attorney fees to Wife. OCGA § 19-6-2 (a) (1) authorizes a trial court, after considering the financial circumstances of the parties, to exercise its discretion to award attorney fees to one party in order to "ensure effective representation of both spouses so that all issues can be fully and fairly resolved." (Citation omitted.) *Johnson v. Johnson*, 260 Ga. 443, 444 (396 SE2d 234) (1990). As stated above, the record shows that the trial court made the award of attorney fees after considering the financial condition of the parties. The trial court did not abuse its discretion.

7. Husband contends that the trial court erred by holding him in contempt during the divorce trial, arguing that no prior notice had been given that a motion for contempt would be heard on that date. The record shows, however, that the bench trial was scheduled to be held on June 2, 2006. On that date, the parties had a hearing before

the trial court in which Husband requested a continuance to find new counsel and Wife made a motion for contempt on the basis that Husband had not been paying child support. While the trial court granted Husband's motion for continuance, it reserved ruling on the contempt motion until the divorce trial, which was held 27 days later. Based on these facts, Husband received reasonable notice that Wife's contempt claims would be considered at the divorce trial. See *Brown v. King*, 266 Ga. 890 (472 SE2d 65) (1996). There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2008.

*Earle J. Duncan III*, for appellant.
*Dubberly & McGovern, Joseph D. McGovern*, for appellee.