S10A0765. MEARIDY v. THE STATE.
(696 SE2d 61)

HUNSTEIN, Chief Justice.

Melvin Tyrone Mearidy was convicted of malice murder, aggravated battery, burglary, aggravated assault and cruelty to children arising out of the knifing death of Teleasia Tucker and the stabbing of Kydran Antwand Jenkins in the presence of Mearidy's seven-year-old daughter. He appeals from the denial of his motion for new trial[1] challenging only the sufficiency of the evidence to support the malice

---

[1] The crimes occurred on June 5, 2005. Mearidy was indicted December 15, 2005 in

murder verdict.

Construed to support the verdicts, the evidence established that Tucker, who had two children with Mearidy, had recently ended their relationship and become involved with Jenkins. On the day of the crimes, Mearidy went to Tucker's home, entered it by climbing through a window and went into the kitchen where he armed himself with a butcher knife. Mearidy then allowed Diamond, his seven-year-old daughter, to go with him into the back bedroom where Tucker and Jenkins were in bed together. According to Jenkins's testimony, Mearidy would not allow anyone to leave and, when Tucker stood up from the bed, Mearidy stabbed Jenkins in the shoulder. Although Jenkins had difficulty remembering what occurred after that injury and the following stab wound he received in the side, which left Jenkins's intestines "hanging out," Jenkins recalled that he was able to jump backwards out of the window and that, as he was escaping, Mearidy took Diamond, who was holding onto her mother, "threw her by the door and grabbed [Tucker] and stabbed her in the stomach." Expert testimony established that Tucker was fatally stabbed in the chest near the base of her neck.

Mearidy gave a statement to police officers in which he claimed that "his mind went blank" after seeing Jenkins's car behind Tucker's home; he entered the bedroom and allowed Jenkins to leave but, when Jenkins voluntarily returned, Mearidy's mind went "blank again" after he noticed a ring on Tucker's finger; that, "before he knew what happened, he had cut" Jenkins; and he then stabbed Tucker after making the decision to commit suicide, which he was subsequently unable to do.

Mearidy argues that there was no evidence to establish malice in that no reasonable trier of fact could have found the testimony of Jenkins to be credible, pointing to inconsistencies between Jenkins's testimony and the physical evidence, e.g., the location of the fatal wound Mearidy inflicted on Tucker and the manner in which Jenkins exited the bedroom. However, it was for the factfinder to resolve any conflicts or inconsistencies in the evidence, *Mickens v. State*, 277 Ga. 627, 629 (593 SE2d 350) (2004), just as the credibility of the witnesses was a matter within the province of the jury, which chose not to believe Mearidy's account of the crimes. See *Brown v.*

Washington County on charges of malice murder, felony murder, aggravated battery (stabbing Jenkins in the stomach), burglary, cruelty to children and aggravated assault (stabbing Jenkins in the arm). In its March 14, 2006 verdict, the jury did not address the felony murder count and found Mearidy guilty of all of the remaining counts. He was sentenced April 20, 2006 to life imprisonment for malice murder and 20-year terms for the remaining charges. His timely-filed motion for new trial, as amended on September 24, 2008, was denied December 15, 2009. A notice of appeal was filed December 29, 2009. The appeal was docketed for the April term in this Court and was submitted for decision on the briefs.

*State*, 277 Ga. 53 (1) (586 SE2d 323) (2003). The evidence was sufficient to enable a rational trier of fact to find Mearidy guilty beyond a reasonable doubt of all of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 2010.

*David C. Walker*, for appellant.

*Samuel H. Altman, District Attorney, Toney A. May, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.