S11F0112. McDONALD v. McDONALD.

(711 SE2d 679)

NAHMIAS, Justice.

Pursuant to this Court's pilot project for divorce cases, we granted Jeffery McDonald's application for discretionary appeal of the parties' final judgment of divorce and of an order, entered on the same day, which he claims held him in contempt of a temporary order. We affirm.

1. Viewed in the light most favorable to the trial court's rulings, the evidence showed as follows. On January 22, 2009, Frankie McDonald (Wife) filed for divorce from her husband of eight years, Jeffery McDonald (Husband). The parties had no children together, and most of the marital debt was discharged in bankruptcy prior to the parties' separation in 2008. Wife was disabled and had a pending slip and fall claim against Best Buy. On April 9, 2009, the trial court entered a temporary order that awarded Wife exclusive possession of the marital residence and required Husband to pay the monthly mortgage of $1,953.17 as temporary alimony.

On July 20, 2009, Husband was notified that he would be laid off from his job on or about October 30. On August 22, 2009, Husband broke his ankle while vacationing and later filed a personal injury lawsuit. Husband went on short-term disability leave and stopped making temporary alimony payments. On October 7, 2009, Husband

filed a petition to modify the temporary order. On October 16, Wife filed a pro se petition for contempt for Husband's failure to make the temporary alimony payments starting in September 2009.

On March 29, 2010, after a bench trial, the court entered a final judgment and decree of divorce. Both parties had testified that there was no equity in the marital residence, and the court found that the couple had more liabilities than assets. Wife was awarded the marital residence, with responsibility for all future mortgage payments, two vehicles, the proceeds of her personal injury claim, and all household furnishings except those in Husband's possession and some items Husband listed at trial. Husband was awarded one vehicle, with responsibility for the associated loan payments, any remaining interest in his two 401(k) plans, the proceeds of his personal injury claim, the household furnishings in his possession, and most of the items on the list he submitted at trial. The court assigned Wife 45% and Husband 55% of the remaining $8,000 in marital debt. The court rejected Wife's request that Husband pay her $25,000 alimony in monthly installments of $50 for the next 42 years. The court did, however, order Husband to pay alimony in the form of keeping Wife on his health insurance for the next 24 months and making her car payment for the next 12 months.

Also on March 29, 2010, the trial court entered an order on Wife's contempt petition. At trial, Husband admitted that he failed to make the temporary alimony payments but claimed that his actions were not willful because he lacked the ability to pay due to his short-term disability and job loss. The court agreed and declined to hold Husband in contempt, although the court also established the amount of the arrearage as $11,710.02.

Husband filed an application for discretionary appeal, and Wife did not file a response. We granted the application under the pilot project, see *Wright v. Wright*, 277 Ga. 133, 133 (587 SE2d 600) (2003), and Husband filed a timely notice of appeal. Although Husband filed his appellant's brief, Wife did not file an appellee's brief.

2. Husband contends that the trial court erred in awarding Wife alimony because she failed to show a need for alimony, he had no ability to pay alimony because he is disabled and unemployed, and Wife's alleged misconduct and the short duration of the marriage made alimony inappropriate. However, the evidence authorized the court to conclude that Wife was disabled due to her medical problems, that she therefore needed alimony, that both Husband's living expenses and the cost to keep Wife on his health insurance were lower than he claimed, and that his $2,397.20 per month in long-term disability income, his future earnings, and the personal property he was awarded in the divorce decree would enable him to keep

Wife on his health insurance for two years and make her car payments for one year. In addition, the parties were in their ninth year of marriage when they divorced, and the evidence authorized the court to conclude that Wife's misconduct, as alleged by Husband, was unintentional or did not warrant denial of the limited alimony she was awarded. Because there is some evidence in the record to support the award and it was not made pursuant to an erroneous legal analysis, the trial court did not abuse its discretion in awarding Wife alimony. See *Bloomfield v. Bloomfield*, 282 Ga. 108, 108, 112 (646 SE2d 207) (2007) (holding that the trial court's factual findings related to alimony will be upheld on appeal if supported by " ' " "any evidence" ' " "); *Farrish v. Farrish*, 279 Ga. 551, 552 (615 SE2d 510) (2005) (reiterating that factfinders " 'are given a wide latitude in fixing the amount of alimony' " (citation omitted)).

3. Husband also claims that the trial court erred in dividing the parties' property. Again, we disagree.

" 'In equitable actions for divorce, the factfinder possesses broad discretion to distribute marital property to assure that property accumulated during the marriage is fairly divided between the parties.' " *Wood v. Wood*, 283 Ga. 8, 10 (655 SE2d 611) (2008) (citation omitted). Both parties testified that there was no equity in the marital residence, and the court's decision to award Wife the residence along with responsibility for future mortgage payments is supported by the record. Regarding personal property, we have reviewed the record, including the evidence relating to the parties' personal injury claims, Wife's testimony and other evidence presented at trial, and the division of the household furnishings, vehicles, and marital debt. Contrary to Husband's claims, the evidence supports the trial court's division of property. See id.

4. Finally, Husband maintains that the trial court erred in holding him in contempt of the temporary order. This enumeration of error makes no sense because the court specifically found that Husband's disobedience of the temporary order was *not* willful and therefore declined to hold him in contempt.

*Judgments affirmed. All the Justices concur.*

DECIDED JUNE 13, 2011.

*Barbara N. Lanier,* for appellant.
Frankie McDonald, pro se.