McFADDEN, Judge,
concurring in part and dissenting in part.
I concur in all of the majority opinion except Division 2, from which I respectfully dissent. In Division 2 the majority affirms the trial court’s decision to invoke OCGA § 19-6-15 (f) (4) (B) to calculate Jackson’s income in this case. The plain language of that Code section indicates that it applies only in cases where “a parent fails to produce reliable evidence of income ... and the court or jury has no other reliable evidence of such parent’s income[.]” OCGA § 19-6-15 (f) (4) (B). In that respect it is similar to the preceding subparagraph, OCGA § 19-6-15 (f) (4) (A), which authorizes trial courts and juries to “impure] gross income based on a 40 hour workweek at minimum wage” when
a parent fails to produce reliable evidence of income, such as tax returns for prior years, check stubs, or other information for determining current ability to pay child support or ability to pay child support in prior years, and the court or the jury has no other reliable evidence of the parent’s income or income potential.
The express intent of the legislature is to reserve the arbitrary — and in the case of subparagraph (B), draconian — calculations authorized by those provisions for exceptional cases where there is no more principled way to establish a parent’s income.
This is not such a case. Here there is at least some reliable evidence of income. Jackson presented his own testimony, a Domestic *564 Relations Financial Affidavit, bank records,[64] and tax documents as evidence of his income. And Sanders notes in her brief that she presented records showing Jackson’s current payment history from one of his largest clients to show his business earnings at trial.[65] Thus, there was some reliable evidence of Jackson’s income introduced at trial. Compare Brogdon v. Brogdon, 290 Ga. 618, 620 (3) (723 SE2d 421) (2012) (where evidence showed wife had no regular employment, trial court did not abuse its discretion in finding that it had no reliable evidence of wife’s income).
Of course the trial court, as factfinder, properly pointed out inconsistencies and deficiencies in the evidence of Jackson’s income. Mearidy v. State, 287 Ga. 312, 313 (696 SE2d 61) (2010) (“it was for the factfinder to resolve any conflicts or inconsistencies in the evidence”). But inconsistencies and deficiencies like those the trial court found here are arguably present in almost any case where a parent’s income is vigorously litigated — particularly where a parent is a business owner. For example the trial court criticizes Jackson for objecting to discovery from his accountant. But that objection was resolved through the discovery dispute resolution procedure set out in the Civil Practice Act. And there are legitimate reasons a 50 percent owner of a small business would want to limit disclosure of its financial information. The trial court speculates that Jackson’s rental income — which is disclosed in his financial affidavit — might have exceeded the amount disclosed and criticizes him for not better documenting the disclosure. It is, of course, the province of the factfinder to resolve questions raised by such arguable inconsistencies and deficiencies. But the answers to those questions should go simply to the weight and sufficiency of the evidence supporting or contradicting Jackson’s claims. They do not constitute a complete absence of reliable evidence of income which would trigger the severe remedy of OCGA § 19-6-15 (f) (4) (B) — a mandatory finding that a parent’s income increased by “at least ten percent per year.” Reading subparagraph (B) to be applicable on the basis of the inconsistencies and deficiencies like those identified here is not a fair reading.
Moreover, as the majority recognizes, the trial court here further committed legal error under the very statute it purported to apply by *565 failing to impose the minimum ten percent increase, and instead imposing an arbitrary and unfounded increase of four percent per year.
Decided July 16, 2015 —
Reconsideration denied July 30, 2015 —
Summerville Moore, Darren Summerville, Leighton Moore; Hedgepeth & Heredia, Hannibal F. Heredia, for appellant.
Divida Gude, for appellee.
The trial court did not need OCGA § 19-6-15 (f) (4) (B). Factfinders have wide latitude in fixing the amount of child support, using their experience as enlightened persons in judging the amount necessary for support under the evidence as disclosed by the record and all the facts and circumstances of the case. Farrish v. Farrish, 279 Ga. 551, 552 (615 SE2d 510) (2005). Instead of this misapplication of subparagraph (B) as a basis for determining Jackson’s income, the trial court should have simply used the income evidence submitted by the parties to make that determination and then fix the amount of child support based on that finding. See also Wood v. Wood, 283 Ga. 8, 9 (1) (b) (655 SE2d 611) (2008) (income level attributed to husband supported by evidence provided to trial court).
Accordingly, unlike the majority, I conclude that the trial court abused its discretion in relying on OCGA § 19-6-15 (f) (4) (B) as a basis for determining Jackson’s income, and thus on remand the trial court should not be allowed to recalculate his income under that Code section. I therefore would reverse the trial court’s ruling and remand for the court to make a finding as to Jackson’s income based on the evidence presented at trial.
I am authorized to state that Presiding Judge Barnes and Presiding Judge Phipps join in this opinion.

 While the majority notes that such hank records are not included in the record before us, the trial transcript shows that Jackson was cross-examined about his business’ bank statements and the trial court expressly referenced his “business bank records” in its final order. Sanders also refers to Jackson’s business bank records in her appellate brief.

 In her brief, Sanders plainly states that she obtained such records by subpoena and used them “to assist the court in understanding the father’s business earnings at trial.”