# Court of Appeals
# of the State of Georgia

ATLANTA,  September 29, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0265. EFN 63, LLC v. SIGNATURE FLIGHT SUPPORT, LLC.**

EFN 63, LLC ("EFN") filed suit against Signature Flight Support LLC, Textron Ground Support Equipment, Inc., and Aero Specialties, Inc. (collectively, "Defendants"). On September 16, 2024, the trial court issued three separate orders in the case. Those orders granted Aero Specialties's motion for summary judgment on the claims asserted against it by EFN; denied Signature Flight Support's summary judgment motion; and denied the Defendants' joint motion to exclude certain opinion testimony proffered by one of EFN's expert witnesses. On October 16, 2024, EFN filed a notice of appeal from the order granting summary judgment to Aero Specialties, and that case was docketed in this Court as Case No. A25A0983.[1] One week later, on October 23, 2024, the trial court entered an order that granted Signature Flight Support's motion to limit the testimony of another of EFN's expert witnesses. EFN then filed this direct appeal from the October 23 order. We lack jurisdiction.

In its notice if appeal, EFN asserts that OCGA § 5-6-34 (d) provides this Court with jurisdiction to consider the October 23, 2024 order.  Under that statute, where a party files a direct appeal, this Court may review:

all judgments, rulings, or orders rendered in the case which are raised on

---

[1] After EFN filed its notice of appeal, Signature Flight Support filed a cross-appeal from the order denying its summary judgment motion, and the Defendants filed a cross-appeal from the order denying their motion to exclude certain expert testimony.

appeal and which may affect the proceedings below . . . without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

OCGA § 5-6-34 (d). Given this statutory language, EFN contends that we may review the October 23, 2024 order as part of its direct appeal in Case No. A25A0983. This assertion is incorrect.

Georgia's appellate courts have made clear that while OCGA § 5-6-34 (d) allows us to "consider orders that were entered prior to or contemporaneously with the judgment being appealed," that statute does not permit us to consider on appeal any order "rendered subsequent to the judgment appealed from." *Jackson v. Sanders*, 333 Ga. App. 544, 546 (1) (773 SE2d 835) (2015). See also *Bloomfield v. Bloomfield*, 282 Ga. 108, 112 (5) (646 SE2d 207) (2007) (appellant could not enumerate rulings as error where they were entered after he filed his notice of appeal); *Ambrosio v. Giordano*, 358 Ga. App. 764, 766 (2) (856 SE2d 349) (2021) (appellants could not challenge on appeal an order "entered subsequent to [their] notices of appeal"); *Norman v. Ault*, 287 Ga. 324, 330-331 (6) (695 SE2d 633) (2010). The order EFN seeks to appeal in this case was entered seven days after EFN filed its notice of appeal from the order granting summary judgment to Aero Specialties. Accordingly, we do not have jurisdiction to consider that order in conjunction with EFN's pending appeal in Case No. A25A0983.

We further note that "[t]he jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable." *Duke v. State*, 306 Ga. 171, 172 (1) (829 SE2d 348) (2019) Here, because the October 23, 2024 order is not a final order, EFN was required to comply with the interlocutory appeal procedures — including

securing a certificate of immediate review from the trial court — to obtain immediate appellate review of that order. See OCGA § 5-6-34 (b); *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). EFN's failure to follow those procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*___09/29/2025_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*