### 27206. FRAZIER v. FRAZIER.

ARGUED MAY 9, 1972—DECIDED JUNE 15, 1972.

*Grady F. Smith,* for appellant.
*Hylton B. Dupree, Jr., Hendon & Henley, E. T. Hendon, Jr.,* for appellee.

MOBLEY, Chief Justice. In this appeal from a judgment

for divorce, property settlement, and permanent alimony, the only error assigned is that the award is excessive.

The trial judge, hearing the case without a jury, made the following award: $100 per week for the two children; all medical, dental, and drug bills of the children; the monthly mortgage payments ($127.99), taxes ($40.36), and insurance ($23.83) on the home of the parties which is in the name of the wife; as property settlement to the wife, one-half interest in all businesses, properties, and notes payable to the husband, including his place of business known as The Sound Shop, his interest in the corporation known as Frazier Enterprises, Inc., and a note to him from this corporation of approximately $53,000; the husband's interest in a cemetery lot; $500 as attorney's fees; all household goods; and the automobile the wife is using. This is an approximate monthly award of $625.51, besides the undetermined amount of medical, dental, and drug bills.

The evidence in the record is by stipulation of the parties. The stipulation recites that the husband testified that: "he was employed by his brother, John R. Frazier, and . . . his net take home pay was $644 per month . . . this was his total income, . . . the business known as The Sound Shop was operating at a loss, . . . Frazier Enterprises, Inc. was inactive and . . . he did not receive any income from it . . . his brother had been furnishing him an automobile and was paying the plaintiff $530 per month for him . . . he had invested $53,000 in the corporation known as Frazier Enterprises, Inc., but he considered his investment to be lost and he did not anticipate being repaid this investment . . . the $53,000 was derived from funds he had saved over the past 8 years . . . he had borrowed $4,500 from his brother, John R. Frazier, during the preceding six months period, and . . . he had not repaid these loans." On cross examination the husband "admitted that he had done 'side jobs', one in particular giving him an $1,800 profit."

John R. Frazier testified that: "the defendant was employed by him and . . . his net take home pay was $644 per month . . . Frazier Enterprises, Inc. was inactive, and . . .

the corporation lost $30,000 during the year 1970 . . . in his opinion the stock which the defendant owned of Frazier Enterprises, Inc. was worthless . . . he has loaned his brother $4,500 during the preceding six months."

Gary Moon testified on behalf of the wife that: "he had sold his one-half interest in The Sound Shop to the defendant . . . while in the business known as The Sound Shop a biannual financial report was prepared showing a profit of $9,000 . . . he felt that the business was capable of maintaining that same profit level . . . the defendant had on several occasions stated that he owned one-third interest in an income producing shopping center in DeKalb County as well as a sizeable tract of land in Gwinnett County, Georgia . . . defendant and his brother were planning a multi-family complex in Gwinnett County on said land."

The copy of the partnership income tax returns of Moon & Frazier Sound Shop for the first ten months of 1971 showed a loss of $5,516.19.

The only income which the stipulated evidence shows that the husband presently has is a net amount of $644. At some undisclosed time he has done other jobs, one of which gave him a profit of $1,800.

The husband's brother is under no obligation to support the husband's family, and the fact that the brother has been giving the wife $530 a month could not be considered in determining the husband's income.

The income tax returns showed a substantial loss in 1971 as to the business known as The Sound Shop. Testimony by a former partner in regard to a financial statement, with no evidence of its authenticity, is insufficient to refute the evidence as to the operation of the business at a loss. There is no dispute in the evidence that the corporation in which the husband had invested $53,000 was not operating at a profit.

The wife was given a one-half interest in all of the husband's property. The evidence of admissions of the husband that he owned a part interest in income-producing property, with no evidence of its value, or the amount of income realized from it, does not show that the husband could pay the

monthly alimony award from his remaining one-half of this interest in property.

The husband can not pay an amount of $625.51, or more, from his net income of $644 per month, and have any reasonable amount for expenses for himself. The judgment for permanent alimony is excessive under the evidence as to the husband's income and property, and we remand the case for another hearing on the alimony issue only.

*Judgment reversed. All the Justices concur, except Hawes, J., who dissents.*