28931. THORNTON v. THORNTON.

SUBMITTED MAY 24, 1974 — DECIDED SEPTEMBER 4, 1974.

Jack P. Turner, for appellant.

Garland & Garland, Edward T. M. Garland, Donald C. Beskin, for appellee.

GRICE, Chief Justice.

This controversy arose from an action for divorce brought by the appellant husband against the appellee wife in the Superior Court of Fulton County. The jury found for the wife on her cross action and the trial court overruled the husband's motion for new trial.

Upon appeal two errors are enumerated: (1) that the court erred in admitting three photographs introduced by the wife in evidence; and (2) that the verdict granting her a divorce was contrary to the law and evidence since her testimony as to marital relations with the husband was conclusive evidence that she condoned any alleged acts of cruelty committed by him.

■ The husband claims that the three photographs should not have been admitted in evidence because no proper identification of them was made.

We do not agree.

These photographs purported to represent injuries

inflicted upon the wife by the husband when he admitted beating her outside a restaurant. Upon cross examination he testified that he lost control of himself at that time and struck her in the head with something that was in the trunk of his car. He did not deny that defendant's Exhibit 3 was an accurate representation of her condition following the attack. When he was shown defendant's Exhibits 1 and 2, which were photographs of her arm taken subsequent to the incident, he testified that the arm in the picture was the one he grabbed. No objection to the relevancy or alleged inflammatory nature of these photographs was made during this cross examination.

The admission or exclusion of photographic exhibits is a matter within the discretion of the trial court, and unless abuse of discretion appears, no error is shown. *DeKalb County v. McFarland,* 231 Ga. 649 (2 h) (203 SE2d 495).

We find no abuse of discretion here.

■ The second enumeration is likewise without merit.

Although a presumption of condonation arises if the parties occupy the same room and bed subsequent to the act of cruelty complained of, such presumption can be rebutted by showing that the party seeking forgiveness has resorted to the same acts of cruel treatment which caused the initial separation. See *Duncan v. Duncan,* 184 Ga. 602 (192 SE 215) and cits.

The evidence here showed that the husband took the wife on several trips to New Orleans, Miami and Nassau, where they shared the same room and bed, in an attempt to work out their marital problems and avoid a divorce. The wife testified that she agreed to take these trips on the condition that he would stop seeing another woman; but that every time she would forgive him and go back home with him he would put her out of the house, once at gunpoint. She further swore that over the Thanksgiving holidays her husband had "made reservations for us to go to Las Vegas, and I had been led all of the way"; but that she did not go because problems kept coming up with the other woman.

There was no evidence of any condonation on the

wife's part subsequent to this last breach of the implied condition. Therefore, the presumption of condonation was rebutted and the original offensive conduct revived. *Harn v. Harn,* 155 Ga. 502 (117 SE 383); *Bruce v. Bruce,* 195 Ga. 868 (1) (25 SE2d 654).

It follows that the trial court did not err in failing to set aside the verdict for any of the reasons urged.

*Judgment affirmed. All the Justices concur.*