## 31317. SMITH v. SMITH.

Ingram, Justice.

This appeal is from a final divorce decree, based on a jury verdict, in the Superior Court of Carroll County. The appeal deals only with the alimony and child support awarded by the jury. We affirm.

Mary Jo Smith, appellee, filed a petition for divorce against her husband, Charles Reese Smith, appellant, on grounds of cruel treatment. She sought a division of the parties' property, custody of their minor child as well as temporary, permanent alimony, and child support. Appellant filed a cross bill for divorce on the grounds of cruel treatment.

The judge granted temporary alimony in the amount of $400 per month, as well as $300 per month for child support. At trial the parties stipulated that the grounds for divorce alleged by Mrs. Smith existed, leaving only the questions of alimony, child support, and the division of property to be decided by the jury.

At the trial it was established that the parties owned a home with a fair market value of approximately $40,000 and an equity of $25,000, two automobiles, a camper trailer, and stock in a state bank. Appellant owns a 1/2 partnership interest in an automobile dealership and a 1/2 undivided interest in the land on which it is situated.

Appellant receives 1/2 of the income generated by this partnership. His income tax returns show an adjusted gross income of $11,561.96 for 1972; $10,279.90 for 1973; $14,152.05 for 1974; and $11,382.26 for 1975. Currently, his average monthly salary is $948.52 gross, and $732.10 net. Appellant's total indebtedness is $11,667.15. While payments aggregating $598.57 per month would be required to satisfy these debts, the evidence shows that appellant has done very little to retire them over the past 7 1/2 years. Appellee testified that appellant engaged in a practice known as "skimming" and therefore his actual income was larger than his reported income.

The parties had been married for 16 years and during this time the wife had not engaged in gainful employment. At trial, the wife itemized the necessities for herself and her child and these totaled $817.58 per month. The jury awarded the wife alimony in the amount of $300 per month, as well as the home and the car she was currently driving. The jury also awarded to the wife child support in the amount of $200 per month and the bank stock. The husband appeals from that verdict on the ground that it is excessive and enumerates as error the judge's charge to the jury concerning alimony.

"The question of alimony cannot be determined by a mathematical formula, as the facts and circumstances in each case are different. The jury is allowed wide latitude in determining the amount to be awarded." *Holmes v. Holmes,* 222 Ga. 115 (149 SE2d 84) (1966); *Jeffrey v. Jeffrey,* 206 Ga. 41 (1) (55 SE2d 566) (1949). However, awards which are substantially disproportionate to the husband's ability to pay are not permitted to stand. *Robertson v. Robertson,* 207 Ga. 686 (1 a) (63 SE2d 876) (1951). While it is true that the question of alimony cannot be determined by a mathematical formula, there are cases which hold that an alimony award in the sum of one-half of the husband's income or less is not, as a matter of law, excessive. See *Mulcay v. Mulcay,* 223 Ga. 309 (1) (154 SE2d 607) (1967). See also *Golden v. Golden,* 230 Ga. 867 (4) (199 SE2d 796) (1973); *Brock v. Brock,* 228 Ga. 500 (186 SE2d 537) (1972); *Dupree v. Dupree,* 224 Ga. 52 (2) (159 SE2d 708) (1968); *Moody v. Moody,* 224 Ga. 13 (2) (159 SE2d 394) (1968). On the other side of the scale, an

alimony award capturing almost all of the husband's income was held to be excessive. *Frazier v. Frazier,* 229 Ga. 252 (190 SE2d 67) (1972). The question presented in this case where the husband grosses $948.52 per month, nets $732.10 per month, and the wife is awarded $500 alimony and child support is closer. Under the wide latitude allowed juries to fix the amount of alimony and child support, we are not inclined to disturb the present verdict. See *Mullinax v. Mullinax,* 234 Ga. 553 (216 SE2d 802) (1975).

The husband also contends that the trial judge erred in not charging the jury that they could set alimony for a period of months or years and did not necessarily have to set alimony until the death or remarriage of the wife. In pertinent part, the judge charged the jury, "If you do make an award for payment to be made into the future, you should be careful in your findings to state what the payments are, what amount they are, when they are to begin, and when they are to end . . . Now, in connection with the claim for alimony, the form of your verdict would be, so far as alimony for the wife is concerned, something like this — we find alimony for the wife in the amount of so much per week, so much per month, so much per installment, beginning at such time as you decide and ending at such time as you decide. As previously stated, any such alimony for the wife ends upon her death or remarriage." Similar charges have been approved in *Tolbert v. Tolbert,* 221 Ga. 159 (10) (143 SE2d 743) (1965), and *Wilson v. Wilson,* 174 Ga. 238, 242 (162 SE 540) (1931). We hold the giving of this instruction was not error, particularly when it is considered as a part of the entire charge of the trial judge on alimony in this case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 2, 1976 — DECIDED SEPTEMBER 8, 1976.

*Gilbert & Bone, Douglas C. Vassy,* for appellant.
*Johnson & Beckham, J. Eugene Beckham, Jr.,* for appellee.