## 33576. WORRELL v. WORRELL.

MARSHALL, Justice.

The former husband appeals from the judgment for his former wife in her divorce action.

1. Enumerated error 1, the failure to dismiss the complaint for lack of jurisdiction of the subject-matter, is without merit for several reasons.

*Subject-matter* jurisdiction "means jurisdiction of the class of cases to which a particular case belongs, the nature of the cause of action and the relief sought, and the amount for which a court of limited jurisdiction is authorized to enter judgment, and includes the power to determine with binding effect every justiciable issue

involved." 18 EGL 623, Jurisdiction § 7. The superior court had *subject-matter* jurisdiction of the divorce action. Code § 30-101.

Nor is the enumerated error meritorious even if it be construed to refer to jurisdiction of the *person,* based on the appellant's contention that the plaintiff had not been a "bona fide resident" of this state for six months preceding the filing of the action, as required by Code § 30-107. The record shows that, in answering the original complaint and during cross examination, the appellant admitted that the parties were "residents" of Clarke County. He was presumed to know that the term "resident" in Code § 30-107 means "domiciliary." *Abou-Issa v. Abou-Issa,* 229 Ga. 77 (189 SE2d 443) (1972) and cits. This constituted an "admission in judicio," which required no further proof and which could not be disproved without having been withdrawn from the record. *Wilkie v. Wilkie,* 240 Ga. 287 (1) (240 SE2d 84) (1977) and cits.

Moreover, even if admission of residency did not admit domicile, and even if the plaintiff waived the defendant's failure to plead the affirmative defense of lack of jurisdiction of the person by allowing evidence sufficient to sustain the defense to be admitted without objection as to lack of pleading and claim of surprise (*Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342 (2 a) (173 SE2d 723) (1970)), there was sufficient evidence to authorize a finding of domicile, which question is ordinarily a mixed question of law and fact for jury determination. *Abou-Issa,* 229 Ga. 77, supra, p. 78 and cits.

2. The appellant enumerates as error the overruling of his motion to strike testimony as to the salary range for certain jobs for which he had applied but had not been hired.

" 'The question of alimony cannot be determined by a mathematical formula, as the facts and circumstances in each case are different. The jury is allowed wide latitude in determining the amount to be awarded.' [Cits.]" *Smith v. Smith,* 237 Ga. 499, 500 (228 SE2d 883) (1976). "The ability to earn an income is one factor which may be considered by the jury in awarding alimony to the wife,

and they may award alimony on this basis although the husband may be temporarily impoverished. [Cits.]" *King v. King,* 239 Ga. 15, 16 (2) (235 SE2d 502) (1977). See also *Mack v. Mack,* 234 Ga. 692 (1) (217 SE2d 278) (1975) and cits.

In the present case, the evidence was that, although the appellant was presently earning only about $400 per month in a temporary job, he had just received his master's degree. In his answer to interrogatories, the appellant admitted that a person with his level of education had the capacity to earn up to $15,000 annually. The mere fact that the appellant had no firm offers for these positions does not negate their probative value in determining earning capacity. The fact that the appellant considered himself sufficiently capable of doing the work involved is of some probative value. There are too many factors involved in employment situations to conclude that rejection by one or more potential employers means that the applicant is necessarily unqualified for those or like positions.

Furthermore, the verdict in the present case was not a fixed sum based on the maximum amount the appellant might be expected to earn, but was based on a graduated scale, reasonably commensurate with his present ability to pay (up to $150 per child per month for child support of the two children) and scheduled to increase to one third of his gross annual income when that figure should exceed $10,800. Such awards have been held to be enforceable. See *Golden v. Golden,* 230 Ga. 867 (2) (199 SE2d 796) (1973) and cit. "While it is true that the question of alimony cannot be determined by a mathematical formula, there are cases which hold that an alimony award in the sum of one-half of the husband's income or less is not, as a matter of law, excessive. [Cits.]" *Smith v. Smith,* 237 Ga. 499, supra, p. 500. In view of the lack of a mathematical formula and the wide latitude allowed juries to fix the amount of alimony and child support, we believe that it was not error to allow the testimony in evidence for the jury's consideration in determining the appellant's earning capacity.

3. The trial judge did not err in allowing in evidence photographs of the parties' two children, over the

objection that they had no relevancy and were being introduced solely to prejudice the jury in favor of the plaintiff.

"The admission or exclusion of photographic exhibits is a matter within the discretion of the trial court, and unless abuse of discretion appears, no error is shown. *DeKalb County v. McFarland,* 231 Ga. 649 (2 h) (203 SE2d 495) [1974]." *Thornton v. Thornton,* 232 Ga. 666, 667 (1) (208 SE2d 557) (1974). "Photographs are ordinarily admissible unless they contain inflammatory depictions which might be prejudicial toward the objecting party . . ." *Glaze v. Bailey,* 130 Ga. App. 189, 191 (4) (202 SE2d 708) (1973) and cit. In determining the amount of alimony, the jury may consider such factors as the age and health of the parties involved. *Fried v. Fried,* 211 Ga. 149, 151 (84 SE2d 576) (1954). "[I]t is the duty of the jury to utilize their own experience and judgment in determining what amount is sufficient for the support of the minor children. . ." *Harrison v. Harrison,* 233 Ga. 12, 14 (209 SE2d 607) (1974).

The trial judge charged the jury that the photographs were to be considered relative to the age and health of the children. To what degree they were illustrative of these factors was an issue for the jury to determine. *DeKalb County v. McFarland,* 231 Ga. 649 (2h), supra.

4. The lower court did not err in allowing the plaintiff to testify as to her financial needs, over the objection that she was not seeking alimony for herself and that the foundation for what the children's needs were had not been properly laid.

In the absence of any mathematical formula, juries are given a wide latitude in fixing the amount of alimony and child support, and to this end they are to use their experience as enlightened persons in judging the amount necessary for support "under the evidence as disclosed by the record and *all the facts and circumstances of the case.*" (Emphasis supplied.) *Hilburn v. Hilburn,* 163 Ga. 23 (3) (135 SE 427) (1926); *McNally v. McNally,* 223 Ga. 246, 248 (2) (154 SE2d 209) (1967). "The two controlling factors in determining whether or not an alimony or child support award is excessive are the wife's and children's need for the award and the husband's ability to pay it." *Mack v.*

*Mack,* 234 Ga. 692 (1), supra.

In the present case, the plaintiff testified, as did the plaintiff in *Mack v. Mack,* supra (1), that there was a deficit (of approximately $462) resulting from the excess of her monthly expenses over her income from her job. She testified that these expenses included such items as rent, electricity, telephone, food, gasoline, and medical expenses. It would be difficult if not impossible to apportion the amounts of these expenses attributable to the children's use, and this is not required to be done. The plaintiff did testify as to specific expenses for monthly day care for both children and school fees for the older child.

Additionally, although the appellant argues that there was no issue of alimony, the issue of whether to award the plaintiff the defendant's one-half interest in the automobile was, in the trial, framed in terms of an award of permanent alimony.

5. No reversible error is shown by the trial judge's failure to charge, without request, to the effect that the plaintiff had the burden of proof of her domicile in this state, rather than her residence, as is provided by Code § 30-107, where no objection was made prior to the return of the verdict. Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078). This was not such a "substantial error in the charge which was harmful as a matter of law" as can be considered and reviewed absent objection under the provisions of Code Ann. § 70-207, supra, (c). "[T]he better practice, in charging a Code section, is to use its exact language . . ." *Dyer v. State,* 71 Ga. App. 41, 42 (29 SE2d 922) (1944).

6. Where there was no prayer in the pleadings for a division or partition of the property, the trial judge did not err in failing to charge the jury that it could make an equitable division of an automobile in which each of the parties owned one-half interest and award the entire interest in the same to the plaintiff or to the defendant. See *Wade v. Wade,* 222 Ga. 389, 391 (2) (149 SE2d 816) (1966) and cits. Furthermore, the appellant is in no worse a position with regard to the automobile after the jury verdict, which left both parties with the half interest which they already possessed.

7. The appellant contends that the judgment was

excessive in that it required his payment within 90 days of $750 for child support and $500 for attorney fees, or a total of $1,250, whereas the evidence showed his income for that period would be only $1,385.47, or only $135.47 more than the amount of the judgment.

It is true that "an alimony award capturing almost all of the husband's income was held to be excessive. *Frazier v. Frazier,* 229 Ga. 252 (190 SE2d 67) (1972)." *Smith v. Smith,* 237 Ga. 499, supra, pp. 500-501. However, in *Mullinax v. Mullinax,* 234 Ga. 553 (1) (216 SE2d 802) (1975), we approved the jury's consideration, in arriving at the amount of alimony, of evidence of the following factors: "The financial status of the husband, the value of his property, his estate, his income, the resources from which he procures income, the extent of his earning capacity, his training and his ability . . ."

In the present case, there was evidence that, besides the expected 90-day income of $1,385.47, the appellant owned personal property worth almost $1,000, two life insurance policies in the amounts of $10,000 and $15,000 (presumably having cash values), and one-half interest in the automobile. The jury could also consider his having a master's degree with a potential income of up to $15,000 by his own estimate. Beyond the 90-day period, the attorney fees are to be paid in full, hence no longer payable, 180 days after judgment, and the child-support payments are not to be increased unless and until the appellant's gross income exceeds $10,000 per year. There was some evidence to support the award of the jury. Under the facts of record, we do not find the child support and attorney fee awarded to be excessive.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 9, 1978 — DECIDED SEPTEMBER 6, 1978.

*Thomas M. Strickland,* for appellant.
*Erwin, Epting, Gibson & McLeod, Terrell W. Benton, Jr.,* for appellee.