S05F1180. FARRISH v. FARRISH.
(615 SE2d 510)

HUNSTEIN, Justice.

Allen and Rudell Farrish were divorced in 2004 after 26 years of marriage. They have five children, three of whom are minors living with appellee-wife. Following a non-jury trial, the trial court awarded appellee alimony in the amount of $2,000 per month and child support of $3,000 per month. Appellant-husband filed an application for discretionary review which we granted pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

Appellant contends that the trial court erred in awarding child support and alimony in an amount substantially disproportionate to his ability to pay.[1] See OCGA § 19-6-1 (c) (alimony awarded in accordance with needs of the party and ability of other party to pay). The record demonstrates that appellant had a gross monthly income of $10,374 and appellee had no monthly income and would require job training to obtain any employment beyond minimum wage. In determining that appellant had the ability to pay the combined alimony and child support awards, the court properly considered appellant's

---

[1] Appellant does not contend that the trial court erred in its application of the Child Support Guidelines, see OCGA § 19-6-15 (b), or its determination of need in calculating alimony. We note, however, that the trial court ordered appellant to pay $3,000 per month as child support, an amount equal to 29 percent of his gross monthly income and well within the applicable range for three children under the guidelines. Id. at (b) (5).

income, property in his possession, the fact that he appropriated for his own use $55,000 of joint or marital assets after the parties' separation for which he had not accounted at the time of trial, and the fact that appellant accumulated substantial debt after the separation by providing monetary support for his paramour and her family to the detriment of his own children and wife. See OCGA § 19-6-5 (listing factors to be considered in determining award of alimony).

"In the absence of any mathematical formula, [fact-finders] are given a wide latitude in fixing the amount of alimony and child support, and to this end they are to use their experience as enlightened persons in judging the amount necessary for support 'under the evidence as disclosed by the record and all the facts and circumstances of the case.' . . . [Cits.]" (Emphasis omitted.) *Worrell v. Worrell*, 242 Ga. 44, 47 (4) (247 SE2d 847) (1978). A full review of the record shows no abuse of discretion in the award of child support and alimony. See generally *Chester v. Chester*, 244 Ga. 795 (262 SE2d 97) (1979); *Smith v. Smith*, 237 Ga. 499 (228 SE2d 883) (1976); *Thomas v. Thomas*, 233 Ga. 916 (213 SE2d 877) (1975). Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2005.

*Wood, Odom & Edge, Gus L. Wood III*, for appellant.
*Delia T. Crouch*, for appellee.