## S06F1570. McCOY v. McCOY.
### (642 SE2d 18)

THOMPSON, Justice.

This is an appeal from the denial of a motion for new trial after entry of a final divorce decree. At issue is whether the trial court was required to grant a motion for new trial based on evidence presented for the first time at the motion for new trial hearing that appellant Ronnie McCoy (husband) and appellee Iraida McCoy (wife) lived together and engaged in sexual relations after the petition for divorce was filed and before the final judgment was entered. We granted husband's application for leave to appeal pursuant to this Court's pilot project, see *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003), and finding no error, we affirm.

The record shows that husband and wife were married in 1996. There were two children of the marriage. In June 2004, after wife sought and obtained a temporary restraining order against husband, husband filed a petition for divorce alleging that the marriage was irretrievably broken. Wife answered and filed a counterclaim seeking a divorce on the same ground. Wife subsequently was awarded temporary use of the marital home. After a four-day final hearing in June 2005, the court took the case under advisement. The restraining order against husband expired in July 2005, whereupon husband appeared at the marital residence and told wife he no longer could

afford to pay both his rent and the mortgage on the marital home and unless she allowed him to move into the home, the mortgage would be foreclosed. It is undisputed that husband and wife shared the marital home and engaged in sexual relations on numerous occasions over the course of the next few months.

When no final judgment had been issued, husband wrote an October 13, 2005 letter to the court recounting the ways in which wife allegedly mistreated him and urging the court to promptly enter a final judgment of divorce so that he could pursue other possible legal actions against wife and "move on with his life." Approximately three weeks later, the trial court issued its judgment granting a divorce on the ground that the marriage was irretrievably broken and ordering husband to pay child support in an amount within the applicable range for two children under the child support guidelines, OCGA § 19-6-15, and rehabilitative alimony to wife in the form of payment of the $1,118 mortgage on the marital home for a 25-month period. See OCGA § 19-6-5 (a) (5) (identifying factors to be considered in awarding alimony, including "time necessary for either party to acquire sufficient education or training to enable him to find appropriate employment"). Pursuant to the final decree, husband was authorized to deduct from his taxable income all interest payments on the home during this 25-month period, after which time the home would be placed for sale and any profit shared equally by the parties.

After entry of the final judgment, husband filed a motion for new trial alleging for the first time that the parties had reconciled while living together. At the motion for new trial hearing, both husband and wife testified that wife allowed husband to live in the marital home solely to avoid foreclosure of the mortgage and that at no time after the final hearing did they reconcile their differences or intend to continue in the marriage.

1. Husband contends that the trial court was without jurisdiction to grant the divorce decree because he and wife reconciled after the final hearing. We reject this argument on several grounds. First, while cohabitation and reconciliation may be asserted as defenses to a pending divorce action, OCGA § 19-5-4 (a) (4) and (b), they do not divest a court of its *jurisdiction* to enter a divorce decree. See *Koby v. Koby*, 277 Ga. 160 (2) (587 SE2d 48) (2003) (reconciliation is a defense to pending divorce action but not grounds to set aside previously entered judgment); *Southworth v. Southworth*, 265 Ga. 671 (2) (461 SE2d 215) (1995) (voluntary condonation and cohabitation constitute defenses to pending divorce action which should be set up before final verdict).

Secondly, a trial court is authorized under OCGA § 19-5-3 (13) to grant a divorce if it determines the marriage is irretrievably broken. This Court has defined an "irretrievably broken" marriage as one

"where either or both parties are unable or refuse to cohabit and there are no prospects for a reconciliation." *Harwell v. Harwell*, 233 Ga. 89, 91 (209 SE2d 625) (1974). See *Dickson v. Dickson*, 238 Ga. 672, 673 (235 SE2d 479) (1977) ("In a no fault divorce . . . the issue is a search for the realities of the marital situation, i.e., whether the marriage has ended in fact."). In this case, all evidence before the court at the time the final decree was entered, including the parties' admissions and testimony, supported the trial court's determination that the marriage was irretrievably broken. Moreover, it is undisputed that during the relevant time period husband was aware of his place of residence, as well as his personal interactions with wife, and could have at any time prior to entry of the final judgment presented this evidence to the trial court. Instead, husband throughout the proceedings actively pursued the divorce on the asserted ground that the marriage was irretrievably broken. Thus, husband had within his knowledge prior to entry of the final judgment all of the facts with reference to the purported reconciliation that he now has, but he failed to bring such evidence to the attention of the court. He cannot now be heard to complain of a judgment " 'that his own procedure or conduct procured or aided in causing.' " *Henley v. Henley*, 217 Ga. 612 (124 SE2d 86) (1962).

2. Husband also contends that the trial court erred in awarding child support and alimony in an amount substantially disproportionate to his ability to pay. See OCGA § 19-6-1 (c). The trial court found that husband had a gross monthly income of $5,483.48, and wife had a gross monthly income of $2,461, an amount less than one-half of husband's earnings. The court further found that during the marriage husband effectively prevented wife from continuing her education, while husband earned two educational degrees. Thus, in determining the amount of child support and alimony awarded, the court correctly considered the parties' income and other assets, as well as the fact that during the marriage husband enhanced his ability to increase his income and suppressed wife's ability to do the same. See OCGA § 19-6-5.

> In the absence of any mathematical formula, [factfinders] are given a wide latitude in fixing the amount of alimony and child support, and to this end they are to use their experience as enlightened persons in judging the amount necessary for support "under the evidence as disclosed by the record and all the facts and circumstances of the case." . . . [Cits.]

(Emphasis omitted.) *Worrell v. Worrell*, 242 Ga. 44, 47 (4) (247 SE2d 847) (1978).

A full review of the record in this case shows that the amount of child support and alimony awarded was not excessive under the evidence. Accordingly, the trial court did not abuse its discretion in making its award. See generally *Farrish v. Farrish*, 279 Ga. 551-552 (615 SE2d 510) (2005); *Smith v. Smith*, 237 Ga. 499 (228 SE2d 883) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 5, 2007.

*Anthony M. Zezima*, for appellant.
*Yazmin Sobh, Deborah A. Johnson*, for appellee.