S08F0736. VEREEN v. VEREEN.
(670 SE2d 402)

MELTON, Justice.

Following a bench trial, Solomon Raymond Vereen, Sr. (Husband) and Merror Porter Vereen (Wife) were divorced pursuant to a Final Judgment and Decree of Divorce entered on May 7, 2007. After considering the income and other circumstances of both Husband and Wife, the trial court ordered Husband to pay child support in the amount of $1,043, alimony consisting of the first and second mortgages on the marital home, a $27,000 tax debt owed to the IRS, and attorney fees of $7,500. We granted Husband's application for discretionary appeal in this divorce case pursuant to this Court's Family Law Pilot Project, under which this Court will grant a non-frivolous discretionary application seeking review of a final decree of divorce. *Maddox v. Maddox*, 278 Ga. 606 (604 SE2d 784) (2004). Husband contends that the trial court erred by failing to properly consider evidence relating to child support, alimony, and attorney fees; failing to enforce a temporary order for the psychological evaluation of Wife; and failing to properly allocate the tax debt. For the reasons that follow, we affirm.

1. Husband contends that the trial court erred in its factual findings used to support its awards for child support and alimony.

Specifically, Husband claims that the trial court erred in finding that his income was at least $65,000 per year for purposes of calculating child support, that alimony could be properly awarded, and that Husband's age and health conditions did not affect his ability to pay child support. However, "this Court will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses." (Citations and punctuation omitted.) *Frazier v. Frazier*, 280 Ga. 687, 690 (4) (631 SE2d 666) (2006). "The standard by which findings of fact are reviewed is the 'any evidence' rule, under which a finding by the trial court supported by any evidence must be upheld." (Citation omitted.) *Southerland v. Southerland*, 278 Ga. 188 (1) (598 SE2d 442) (2004). Furthermore, "[i]n the absence of any mathematical formula, fact-finders are given a wide latitude in fixing the amount of alimony and child support . . . under the evidence as disclosed by the record and all the facts and circumstances of the case." (Citations and punctuation omitted.) *Farrish v. Farrish*, 279 Ga. 551, 552 (615 SE2d 510) (2005).

In addition to hearing extensive testimony from Husband regarding the alleged impact of his age and health conditions on his earning potential, the trial court also considered evidence from Wife regarding Husband's income and the fact that Wife had not been involved in an adulterous relationship as alleged by Husband, evidence of Husband's payment of the mortgage on the marital home and payment of other bills, evidence that Husband had made $55,000 from one event alone and often would not take business engagements unless he would make at least $10,000 from them, evidence of Husband's major purchases with cash, evidence of Husband's funding of events for his business, and Husband's own testimony conceding that his gross earnings varied from between $67,000 to $88,000 per year. Thus, the record supports the trial court's conclusions that Husband's income was at least $65,000 per year, that the alimony award was proper, and that Husband's age and health conditions did not adversely affect his ability to pay child support. See *Farrish*, supra, 279 Ga. at 552; see also OCGA § 19-6-1 (b) (to show lack of entitlement to alimony, spouse must "establish[ ] by a preponderance of the evidence that the separation between the parties was caused by [the other] party's adultery or desertion").[1] Therefore, the trial court's conclusions will not be disturbed here. *Wood v. Wood*,

---

[1] In this regard, because evidence supports the conclusion that "adultery was not the cause of the dissolution of the marriage . . . [Husband] also fails in his contention that attorney fees were improperly awarded to [Wife] as part of alimony in violation of OCGA § 19-6-1 (b)." *Alejandro v. Alejandro*, 282 Ga. 453, 454 (1) (651 SE2d 62) (2007).

283 Ga. 8 (1) (655 SE2d 611) (2008).[2] See also OCGA § 19-6-15 (i) (2) (H) (trial court may, but is not required to, reduce child support obligation based on mortgage payments).

2. Although Husband contends that the trial court erred in failing to enforce a temporary order for a psychological examination of Wife, the record reflects no motion by Husband to hold Wife in contempt for having allegedly failed to comply with this order. See, e.g., *Fuller v. Fuller*, 279 Ga. 805 (2) (621 SE2d 419) (2005). Without a ruling from the trial court on this issue, there can be no finding of error. *Cook v. Cook*, 280 Ga. 768 (2) (632 SE2d 664) (2006) ("[T]his court is empaneled to review rulings by lower courts and will not address issues not ruled upon below") (citations and punctuation omitted); see also *Weaver v. Weaver*, 242 Ga. 327 (3) (249 SE2d 36) (1978).

3. Husband also argues that the trial court erred in ordering him to be responsible for paying a $27,000 tax debt to the IRS. However, the trial court considered evidence that Husband and Wife filed separate tax returns and that Husband incurred the tax debt on his own. Therefore, we find no abuse of discretion in the trial court's decision to require Husband to pay this debt. See, e.g., *Alejandro*, supra, 282 Ga. at 453-454 (1) (trial court's finding that spouse is responsible for paying certain debt will not be disturbed on appeal where supported by evidence).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 2008 —
RECONSIDERATION DENIED DECEMBER 16, 2008.

Solomon R. Vereen, Sr., *pro se.*
*David A. Webster, Anne M. Lugo*, for appellee.

---

[2] To the extent that Husband argues that Wife's income is more than the $28,000 per year found by the trial court, this argument is also without merit. The trial court heard evidence regarding Wife's income of $28,000 from her previous job, evidence of any possible outside income, and evidence that Wife was unemployed at the time of the final divorce hearing. Again, because the $28,000 figure found by the trial court is supported by the evidence, Husband has presented no valid basis for reversing it here. See, e.g., *Farrish*, supra, 279 Ga. at 552.