S09F1159. COKER v. COKER.
(685 SE2d 70)

HINES, Justice.

Edward Coker ("Husband") appeals an award of lump sum alimony to Angela Coker ("Wife") in the trial court's final judgment and decree of divorce, and the subsequent denial of his motion for new trial thereon.[1] For the reasons that follow, we reverse that portion of the decree which awarded alimony.

The evidence presented at the bench trial of this case showed that the parties were married in 1981 and separated in 2005. They have no children. Beginning in 1986, the couple resided in a mobile home they owned, located on a 154-acre tract of land owned by Husband's family in Bartow County; they paid no rent for use of the land. At one time, the couple expected that Husband would be given a parcel of the tract containing at least five acres, but in 2001, the entire tract was conveyed to Coker Investment, LLC ("the LLC"), which is owned by Husband and other members of his family. Husband owns an 8.34 percent interest in the LLC; the LLC's only asset is the 154-acre parcel, with an appraised value of 1.2 million dollars, and Husband's share of the LLC thus has a value of $100,800.

Wife presently lives with her parents, and earns $45,000 per year

---

[1] This Court granted Husband's application for discretionary appeal pursuant to its Family Law Pilot Project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

in the printing industry. Husband remains in the trailer situated on the LLC property and normally earns $36,000 per year working as an excavator. However, due to lack of work, Husband's employer does not currently pay him this amount; rather, Husband receives $500 per week to remain on standby for work opportunities. Nonetheless, the trial court determined Husband's annual income to be $30,000, and awarded Wife lump sum alimony in the amount of $36,500, to be paid from Husband's separate estate by October 31, 2008; the divorce decree was filed of record on July 18, 2008. The court also found that the only marital property was the mobile home, which had been appraised for $4,000 several years earlier, but had since deteriorated, and ordered that Husband pay Wife $1,500 as an equitable division of that property.

Wife stipulated that the LLC was not marital property and was not subject to equitable division. The trial court's final judgment and decree of divorce finds Husband's percentage interest in the LLC to be an asset of his separate estate. No evidence was presented that Husband had other assets. In the divorce decree, the trial court specifically found that Husband's interest in the LLC cannot be transferred.[2] Other than the couple having been allowed to live on the property without paying rent, and Husband having been allowed to continue to do so, there was no evidence that any member of Husband's family assisted him financially. Accordingly, the undisputed evidence before the trial court was that Husband's separate estate consisted solely of an asset that could not be transferred or otherwise converted into cash, and a $500 a week income. Nonetheless, the trial court ordered that, from that separate estate, Husband must pay $36,500, in the space of three-and-a-half months.

Ordinarily, a factfinder is afforded wide latitude in fixing the amount of alimony. *Wood v. Wood*, 283 Ga. 8, 8-9 (1) (a) (655 SE2d 611) (2008). However,

> OCGA § 19-6-1 (c) provides that alimony is to be awarded in accordance with the needs of the party to whom it is awarded *and with the ability of the other party to pay*. Among the numerous factors to be considered in determining the amount of alimony, if any, that is to be awarded are

---

[2] In this Court, Husband states that his interest in the LLC can be transferred to another LLC member with the consent of the other LLC members whose holdings constitute a majority interest, and that Husband's interest can be transferred to a non-member with the consent of all the LLC members. However, no evidence regarding such circumstances was presented to the trial court, where the only evidence was that Husband's LLC interest could not be transferred.

the financial resources of each party, including their separate estates, earning capacity, and their fixed liabilities. OCGA § 19-6-5 (a) (4) and (7).

*Duncan v. Duncan*, 262 Ga. 872, 873 (1) (426 SE2d 857) (1993) (footnote omitted; emphasis in original).[3] While Wife's need for resources to meet her reasonable housing desires, and expected medical bills, justified an award of alimony, the record is completely devoid of any evidence of Husband's ability to pay the trial court's lump sum alimony award; no evidence was presented supporting the conclusion that he had the financial resources from which such an amount could be paid as ordered. Given that absence of evidence, the trial court's award of lump sum alimony is erroneous and cannot

---

[3] OCGA § 19-6-1 reads:

(a) Alimony is an allowance out of one party's estate, made for the support of the other party when living separately. It is either temporary or permanent.

(b) A party shall not be entitled to alimony if it is established by a preponderance of the evidence that the separation between the parties was caused by that party's adultery or desertion. In all cases in which alimony is sought, the court shall receive evidence of the factual cause of the separation even though one or both of the parties may also seek a divorce, regardless of the grounds upon which a divorce is sought or granted by the court.

(c) In all other cases in which alimony is sought, alimony is authorized, but is not required, to be awarded to either party in accordance with the needs of the party and the ability of the other party to pay. In determining whether or not to grant alimony, the court shall consider evidence of the conduct of each party toward the other.

(d) Should either party die prior to the court's order on the issue of alimony, any rights of the other party to alimony shall survive and be a lien upon the estate of the deceased party.

(e) Pending final determination by the court of the right of either party to alimony, neither party shall make any substantial change in the assets of the party's estate except in the course of ordinary business affairs and except for bona fide transfers for value.

OCGA § 19-6-5 reads:

(a) The finder of fact may grant permanent alimony to either party, either from the corpus of the estate or otherwise. The following shall be considered in determining the amount of alimony, if any, to be awarded:

(1) The standard of living established during the marriage;

(2) The duration of the marriage;

(3) The age and the physical and emotional condition of both parties;

(4) The financial resources of each party;

(5) Where applicable, the time necessary for either party to acquire sufficient education or training to enable him to find appropriate employment;

(6) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party;

(7) The condition of the parties, including the separate estate, earning capacity, and fixed liabilities of the parties; and

(8) Such other relevant factors as the court deems equitable and proper.

(b) All obligations for permanent alimony, however created, the time for performance of which has not arrived, shall terminate upon remarriage of the party to whom the obligations are owed unless otherwise provided.

stand. See *Wood*, supra; *Smith v. Smith*, 237 Ga. 499, 500 (228 SE2d 883) (1976).

Accordingly, the final judgment and decree of divorce is reversed as to its provision that Husband pay lump sum alimony to Wife from his separate estate in the amount of $36,500 in the time period set forth in the divorce decree, and the case is remanded for further proceedings not inconsistent with this opinion.

*Judgments affirmed in part, reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*Troutman Sanders, Michael D. Kaufman, Lindsay S. Marks*, for appellant.

*Brunt & Hood, Thomas N. Brunt, Jason P. Hood*, for appellee.