In the Supreme Court of Georgia

Decided:   April 4, 2016

S16A0537.  THRASHER-STAROBIN v. STAROBIN.

NAHMIAS, Justice.

Bianca Thrasher-Starobin (Wife) and Michael Starobin (Husband) were married in August 2009 and divorced in November 2013.  They have one child together, and the divorce decree granted Husband primary physical custody, with Wife having visitation as set out in the parenting plan incorporated into the decree.  On October 10, 2014, Wife filed a motion for contempt, alleging that Husband had violated the parenting plan by refusing to give her visitation and refusing to let her speak to their son once a day.  On December 8, 2014, Husband filed an answer and a counterclaim for contempt, alleging among other things that Wife had not undergone the psychological evaluation required by the divorce decree and that she had refused to pay child support and her portion of daycare expenses.[1]  Husband also requested attorney fees with respect to the

---

[1]  In the decree, the trial court expressed concerns about Wife's mental health and directed her to have a psychological evaluation in order to continue exercising her visitation rights.

counterclaim, but he did not state a statutory basis for the fees request. After an evidentiary hearing on December 11, 2014, at which both parties were represented by counsel, the trial court entered an amended final order on February 10, 2015. In the only portion of the order relevant to this appeal, the court awarded Husband $6,000 in attorney fees "based on [Wife]'s baseless litigious actions against him."

Wife, now representing herself, filed an application seeking to appeal the order, arguing that the trial court erred in denying her additional time to hire an attorney for the hearing, in granting Husband a continuance before his attorney filed an entry of appearance, and in granting Husband attorney fees because the award was excessive and the evidence did not support such an award under any statute. This Court granted the application only on the attorney fees issue.

In its order, the trial court failed to state a statutory basis for awarding the attorney fees and, although the order's reference to Wife's "baseless litigious actions" implies that the award was made under OCGA § 9-15-14, the court did not make any specific findings supporting the award. The court also did not state the statutory basis for the award or make findings orally during the hearing. As Husband concedes, this was error. "We have held that, if a trial court fails

2

to make findings of fact sufficient to support an award of attorney fees under either OCGA § 19-6-2 or § 9-15-14, the case must be remanded to the trial court for 'an explanation of the statutory basis for the award and any findings necessary to support it.'" Leggette v. Leggette, 284 Ga. 432, 433 (668 SE2d 251) (2008) (citation omitted). See also Wilson v. Wilson, 282 Ga. 728, 734 (653 SE2d 702) (2007). We therefore vacate the trial court's award of attorney fees and remand for the court to explain the statutory basis of any attorney fees award and to make the necessary findings in support of such an award.[2]

Judgment vacated and case remanded with direction. Thompson, C.J., Hines, P.J., Benham, Hunstein, and Blackwell, JJ., and Judge Robert S. Reeves concur. Melton, J., not participating.

---

[2] In her briefs to this Court, Wife raises a number of other arguments challenging the order being appealed and the underlying divorce decree. However, Wife did not raise these arguments in her application, and we did not grant her an appeal on any of these issues. We therefore decline to consider them. See Zekser v. Zekser, 293 Ga. 366, 369-370 (744 SE2d 698) (2013).