**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**Please refer to the Supreme Court of Georgia Judicial**
**Emergency Order of March 14, 2020 for further**
**information at (https://www.gaappeals.us/rules).**

**April 16, 2020**

# In the Court of Appeals of Georgia

A20A0726. ANDRIOLA v. MOUNTS.                                    DO-024

DOYLE, Presiding Judge.

Following her divorce from Jack B. Mounts, Jr., Carole Ann Andriola filed a contempt petition. The trial court issued a final order awarding Mounts attorney fees in the amount of $1,500. Andriola appeals, arguing that the trial court erred by failing to specify the basis for the award.[1] For the reasons that follow, we vacate the attorney fee award and remand the case for further proceedings consistent with this opinion.

The record shows that the parties were divorced in 2009. In 2017, Andriola filed a contempt petition, alleging that Mounts had failed to cooperate in submitting an insurance claim for damage to the marital home. Mounts answered and requested that he "be awarded [a]ttorney[] fees."

---

[1] This Court granted Andriola's application for discretionary appeal.

At the hearing, Andriola testified that she received an insurance check for damage to her home a few weeks after she filed the contempt petition. Mounts requested attorney fees in the amount of $1,500 – the fee charged by his attorney to defend the contempt action – pursuant to OCGA § 9-15-14. In response, Andriola's attorney argued that the issues raised in the contempt petition were moot and no longer "being pursued," and Mounts had failed to provide notice of his intent to seek attorney fees under OCGA § 9-15-14.

After the hearing, the trial court entered a final order, stating in relevant part: "[I]t is hereby the [o]rder of the court that there are no issues of any alleged contempt and [Andriola] is not awarded any attorney fees or costs. [Mounts] is awarded the sum of $1,500[] as attorney fees payable to [Mounts] by [Andriola] within 90 days of the date of this order."

On appeal, Andriola argues that the trial court erred by awarding attorney fees without specifying the statutory basis for the award or making factual findings to support it. We agree.

> [I]f a trial court fails to make findings of fact sufficient to support an award of attorney fees under either OCGA § 19-6-2 or § 9-15-14, the case must be remanded to the trial court for an explanation of the statutory basis for the award and any findings necessary to support it.

2

We therefore vacate the trial court's award of attorney fees and remand for the court to explain the statutory basis of any attorney fees award and to make the necessary findings in support of such an award.[2]

*Judgment vacated and case remanded with direction. McFadden, C. J., and Hodges, J., concur.*

---

[2] (Citations and punctuation omitted.) *Thrasher-Starobin v. Starobin*, 299 Ga. 12, 13 (785 SE2d 302) (2016).